**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN<br><br>Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE,<br><br>Defendants. | Civil Action No. 19-cv-11605-WGY |

## **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Gigi Kai Zi Chan ("Plaintiff") and Wellington Management Company LLP ("WMC") and Charles Argyle (together, the "Defendants") (collectively, the "Parties") pursuant to Federal Rule of Civil Procedure 26(c), stipulate to and move for the entry of a Protective Order governing the treatment and handling of Discovery Material (as defined below).

## I. RECITALS

1. Some of the Discovery Material that the parties will seek or develop through discovery or the voluntary exchange of information in this case may contain or consist of information that the producing party may claim is confidential, proprietary, or trade secret information and therefore is entitled to protection.

2. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving, and without waiving, any evidentiary protections or privileges applicable to the information contained in the Discovery Material.

3. Nothing in this Order is intended, nor shall it be construed, as either a waiver or an admission that specific information is admissible or contains either confidential, proprietary business information, or trade secrets. This Order is simply a procedural mechanism to facilitate the discovery process and/or provide protections concerning information exchanged between and among the parties in this case. No part of this Order shall be used as evidence that any party has either waived or admitted to any claims solely by virtue of the act of producing information or by designating, or not designating, information as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" under this Order.

4. Since the purpose of this Order is to protect Discovery Material, the parties agree that they are bound by this Order from the date their respective counsel have signed it.

5. Based on these recitals and the terms of disclosure that follow, the parties have agreed to: (i) facilitate the full and fair production of information that the producing party may claim is entitled to confidential treatment; and (ii) govern the return of inadvertently produced documents and data, on the terms set forth in this Order.

6. This Agreement pertains only to production of documents in this action and does not alter, change or supersede any confidentiality/nondisclosure obligations Plaintiff may otherwise owe to WMC.

## II. DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

2. "Highly Confidential: Attorneys' Eyes Only Discovery Material" means Discovery Material designated as "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order.

3. "Designating Party" means the party or non-party who wishes to designate or has designated Discovery Material as Confidential or Highly Confidential: Attorneys' Eyes Only.

4. "Discovery Material" means all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to any discovery requests, responses to subpoenas *duces tecum*, inspections, examinations of premises, examinations of facilities, physical evidence, electronically stored information (including metadata), witness interviews, and any other information produced, or otherwise given or exchanged by and among the parties and non-parties to this action, whether in formal discovery or informal exchanges.

5. "Producing Party" means any party or non-party to this action producing Discovery Material.

6. "Receiving Party" means the party receiving the Discovery Material.

## III. TERMS

1. Confidential Discovery Material

Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order. The burden shall be on the Designating Party to demonstrate, when and if the designation is challenged, that the Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, personal information, or other confidential information that requires the protections provided in this Order. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information:

a. Non-public information relating to WMC's business operations, policies, procedures, research, research collaborations, clients and potential clients, finances and employees;

b. Non-public medical information;

c. Any material of a confidential nature, including, without limitation, employment agreements, contracts, agreements, business rules, customer lists, customer profiles, customer information, customer complaint and satisfaction information, personally identifying information, policies, financial information, compensation information, plans, formulae, personnel information, candidates information, nonpublic contact information, market data comparisons, identity and key contact information of decision-makers, uniquely compiled preference of key decision-makers, and records relating to confidential internal investigations;

d. Non-public revenue, cost, income, pricing, margin, profit, loss, income statements, balance sheets, cash flow, sources and uses of cash, cash difference, or other non-public financial data;

e. Non-public personal information, including contact information, credit or debit card numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information;

f. Any material qualifying for protection under any other international, federal or state law.

2. Highly Confidential: Attorneys' Eyes Only

a. Any Producing Party or Designating Party may designate any Discovery Material as "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order. The burden shall be on the Designating Party to demonstrate, when and if the designation is challenged, that the Discovery Material contains information that requires the protections provided in this Order. Subject to the foregoing, Highly Confidential: Attorneys' Eyes Only Discovery Material shall include, but is not limited to, any Discovery Material that falls within the description of Confidential Discovery Material but that also contains information that constitutes extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential business, scientific, customer, financial, marketing or strategic information, the disclosure of which may cause competitive or business injury to the Designating Party or to a non-party with a legal right to maintain the confidentiality of the Discovery Material or the information contained therein.

3. Designation Procedure

The designation of Discovery Material as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" for the purposes of this Order shall be made in the following manner by any Designating Party:

   a. In the case of the production of documents, by stamping each and every page to be designated "Confidential" or "Highly Confidential: Attorneys' Eyes Only" with the applicable legend "Confidential" or "Highly Confidential: Attorneys' Eyes Only."

   b. In the case of inspection of documents, within ten (10) days after the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions of documents, qualify for protection under this Order, and the Producing Party must stamp each and every page to be designated "Confidential" with the applicable legend "Confidential," and each and every page to be designated "Highly Confidential: Attorneys' Eyes Only" with the applicable legend "Highly Confidential: Attorneys' Eyes Only." Until the expiration of the ten (10) day period, the inspecting party shall treat all documents reviewed as Highly Confidential: Attorneys' Eyes Only Discovery Material.

   c. In the case of a Receiving Party that wishes to designate Discovery Material provided by a Producing Party as Confidential or Highly Confidential: Attorneys' Eyes Only, the Receiving Party shall, within ten (10) days after receipt of the Discovery Material, notify the Producing Party of the Discovery Material to be designated and its designation. The parties shall thereafter be each responsible for indicating, on all copies of the Discovery Material, the appropriate designation.

   d. In the case of deposition or other pretrial testimony, by a statement on the record by counsel, at the time the testimony is given, that particular testimony is Confidential Discovery Material or Highly Confidential: Attorneys' Eyes Only Discovery Material. Testimony may also be designated as provided herein by written notice to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified as Confidential Discovery Material or Highly Confidential: Attorneys' Eyes Only Discovery Material. To be effective, the notice must be sent within fourteen (14) days of the date on which the Designating Party received a copy of the transcript. In either event, counsel shall direct the court reporter and the Receiving Party to affix the appropriate confidentiality stamp to any portion of the original transcript and all copies of the transcript. Those portions of the transcript so designated shall be deemed Confidential Discovery Material or Highly Confidential: Attorneys' Eyes Only Discovery Material. Depositions or other pretrial testimony shall be treated as Confidential Discovery Material during the 14-day designation period described above, unless notice is set forth on the record at the time of the deposition that the material is Highly Confidential: Attorneys' Eyes Only Discovery Material in which case it shall be treated as such. Deposition exhibits shall have the confidentiality designation given them at the time of production or subsequent to production as permitted under this Protective Order.

   e. In the case of any other production of Discovery Material not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, identifying the Discovery Material that is Confidential or Highly Confidential: Attorneys' Eyes Only.

   f. The inadvertent or unintentional disclosure of Confidential or Highly Confidential: Attorneys' Eyes Only Discovery Material that should have been designated as such shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or

information concerning the same or related subject matter. Any party who failed to designate or misdesignates Discovery Material in accordance with this Order may thereafter make a designation by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately re-designated. Any individual who reviewed the Discovery Materials before notice of the misdesignation or failure to designate, and who would not be authorized to review the re-designated Discovery Materials, shall return to a person authorized to have the re-designated Discovery Materials all copies of the misdesignated or non-designated Discovery Materials. Once notified of the misdesignation or failure to designate, the party receiving the notice shall immediately inform the party sending the notice whether any of the Discovery Material has been disclosed to an individual who would not be authorized to review the re-designated Discovery Materials, and the party receiving the notice shall bring all pertinent facts pertaining to such disclosure to the attention of the party sending the notice and shall make every reasonable effort to retrieve the Discovery Material and prevent further unauthorized disclosures of the Discovery Material.

       g.       The parties to this Order may modify the procedures set forth in paragraph (a)-(f) above through agreement of counsel on the record at a deposition, or by agreement in writing, without further order of the Court.

    4.    <u>Disclosure of Confidential Discovery Material</u>

Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding. Discovery Material designated as "Confidential" may be disclosed only to the following persons:

       a.       Court officials (including court reporters and any special master or technical advisory appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action;

       b.       Any named party (including for WMC any employee who has a need to review the Confidential Discovery Material to assist WMC with this litigation), outside counsel to a party (whether or not they have entered appearances in this action), in-house counsel for corporate parties, and legal, clerical, paralegal and secretarial staff employed or retained by outside counsel or in-house counsel, including outside copying services;

       c.       Plaintiff's spouse, Maxence Vinot. Before receiving any Confidential Discovery Material, Mr. Vinot shall, by signing Exhibit A and returning it to counsel, agree to be bound by the terms and conditions of this Order, consent to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agree not to disclose or use the Confidential Discovery Materials for purposes other than those permitted by this Order.

       d.       Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist counsel in

the prosecution or defense of this action. Before receiving any Confidential Discovery Material, the consultant or expert shall, by signing Exhibit A and returning it to counsel, agree to be bound by the terms and conditions of this Order, consent to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agree not to disclose or use the Confidential Discovery Materials for purposes other than those permitted by this Order.

       e.    A deposition witness questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and only after reasonable efforts have been made to have the witness agree to be bound by the terms of this Order by signing Exhibit A and return it to counsel. In the event the witness refuses to agree to execute Exhibit A, the parties shall make reasonable efforts to revise Exhibit A to satisfy the parties and the witness. In the event that after attempts to revise Exhibit A do not result in agreement and execution of Exhibit A by the witness, the Designating Party shall have the right to suspend the deposition and seek a further protective order preventing disclosure to the witness.

       f.    Any person who prepared a document that has been designated as Confidential Discovery Material, or who is listed on the face of such a document as a recipient of the document, and only after reasonable efforts have been made to have the person agree to be bound by the terms of this Order by signing Exhibit A and return it to counsel. In the event the person refuses to agree to execute Exhibit A, the parties shall make reasonable efforts to revise Exhibit A to satisfy the parties and the person. In the event that after attempts to revise Exhibit A do not result in agreement and execution of Exhibit A by the person, the Designating Party shall have the right to suspend the deposition and seek a further protective order preventing disclosure to the person.

       g.    Any person authorized by the Designating Party.

5.    <u>Disclosure of Highly Confidential: Attorneys Eyes Only Discovery Material</u>

Highly Confidential: Attorneys Eyes Only Discovery Material, and information derived from Highly Confidential: Attorneys Eyes Only Discovery Material, shall be used solely for purposes of this action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding. Discovery Material designated as "Highly Confidential: Attorneys Eyes Only" may be disclosed only to the following persons:

       a.    Court officials (including court reporters and any special master or technical advisory appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action;

       b.    Counsel to a party (whether or not they have entered appearance in this action), including in-house counsel, and legal, clerical, paralegal and secretarial staff of or retained by outside counsel;

       c.    Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist counsel in

the prosecution or defense of this action. Before receiving any Highly Confidential: Attorneys Eyes Only Discovery Material, the consultant or expert shall, by signing Exhibit A and returning it to counsel, agree to be bound by the terms and conditions of this Order, consent to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agree not to disclose or use the Highly Confidential: Attorneys Eyes Only Discovery Materials for purposes other than those permitted by this Order.

        d.     A deposition witness questioned during deposition by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and only after reasonable efforts have been made to have the witness agree to be bound by the terms of this Order by signing Exhibit A and return it to counsel. In the event the witness refuses to agree to execute Exhibit A, the parties shall make reasonable efforts to revise Exhibit A to satisfy the parties and the witness. In the event that after attempts to revise Exhibit A do not result in agreement and execution of Exhibit A by the witness, the Designating Party shall have the right to suspend the deposition and seek a further protective order preventing disclosure to the witness.

        e.     Any person who prepared a document that has been designated as Highly Confidential: Attorneys Eyes Only Discovery Material, or who is listed on the face of such a document as a recipient of the document.

        f.     Any person authorized by the Designating Party.

6.     <u>Unintentional Disclosure</u>

The Court orders protection of privileged (including attorney-client privilege or work-product immunity) and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

        a.     The disclosure or production of Discovery Material by a Producing Party subject to a legally recognized claim of privilege to a Receiving Party shall in no way constitute the voluntary disclosure of the Discovery Material.

        b.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

        c.     If, during the course of this litigation, a Receiving Party determines that any Discovery Material is subject to a legally recognizable privilege or evidentiary protection:

            i.     The Receiving Party shall: (i) refrain from reading, reviewing, or listening to the protected Discovery Material any more closely than is necessary to determine whether it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Discovery Material believed to be privileged or

protected; (iii) specifically identify the Discovery Material, and (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of the privileged or protected Discovery Material, along with any notes, abstracts or compilations of the content of the privileged or protected Discovery Material. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

        ii.      If the Producing Party intends to assert a claim of privilege or other protection over Discovery Material identified by the Receiving Party, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of the intention to assert a claim of privilege in writing and shall provide the Receiving Party with a log of the privileged or protected Discovery Material, setting forth the basis for the claim of privilege or other protection. In the event that any portion of Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving party a redacted copy of the material that omits the information that the Producing Party believes to be subject to a claim of privilege or other protection.

        iii.      Notwithstanding anything stated elsewhere in this Order, the Receiving Party is under no obligation to search or review the Producing Party's Discovery Material to identify potentially privileged material or work product.

    d.      If, during the course of this litigation, a Producing Party determines that it has inadvertently produced privileged or protected Discovery Material:

        i.      The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged or protected documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege or protection claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

        ii.      The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

    e.      To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice as set forth in paragraphs 6(d)(i) and (ii) above, the Receiving Party shall sequester the documents until the claim has been resolved. If the

Receiving Party disclosed the Discovery Material subject to a claim of privilege or protection before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

        f.     The Receiving Party's return, sequestering or destruction of privileged Discovery Material as provided for in this Order will not act as a waiver of the Receiving Party's right to object to the Producing Party's assertion that the documents are subject to a viable claim of privilege or protection. Any such objection shall be made in writing within twenty (20) days of the Producing Party's written notification described above. In the event of such an objection, the burden shall be on the Producing Party to seek an order from the Court resolving the dispute.

        g.     In connection with 6(f) above, upon a determination by the Court that the Discovery Material is protected by the applicable privilege or evidentiary protection, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Order). The Court may also order the identification by the Receiving Party of privileged or protected Discovery Material by search terms or other means.

        h.     Nothing contained in this Order shall limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or segregation of privileged and/or protected information before that information is produced to another party.

        7.     <u>Designation Disputes</u>

If any party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential: Attorneys' Eyes Only," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief with respect to the challenged Discovery Materials. A party can challenge the confidential designation of particular documents by filing an objection or otherwise moving the Court. Any party who objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" shall notify the Producing Party in writing. The parties shall meet and confer within ten (10) business days in an attempt to resolve the issue. In the event the issues remain unresolved the Producing Party shall, no later than five (5) business days after conferring with the objecting party, apply to this Court for a ruling on the designation of the Discovery Materials.

The Discovery Material shall continue to be deemed and treated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" under the terms of this Order, as designated, until the Court resolves the dispute. In any proceeding to change the designation of any Discovery Material, the burden shall be upon the Designating Party to establish the appropriateness of the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" classification. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

        8.     <u>Use Of Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material In Court Proceeding</u>

    a. Any party seeking to submit "Confidential" or "Highly Confidential: Attorneys' Eyes Only", or any document that discloses the substance or content of Confidential Information, shall seek to file the Confidential Information under seal, pursuant to and consistent with D. Mass. L. R. 7.2. The Confidential Information shall be filed only upon further order of the Court.

    b. The submission of Confidential Discovery Material in any proceeding shall not limit in any way the rights of any person to petition the Court for further protective measures as may be necessary to protect the confidentiality of the material.

  9. <u>Additional Provisions</u>

    a. All Discovery Materials covered by this Protective Order shall be kept in a secure location, and access to that location shall be permitted only to those designated persons set forth above in Paras. 4 and 5 as persons properly having access thereto.

    b. The Designating Party may encrypt and/or password protect electronic production of Discovery Materials and provide a password for same to the Receiving Party. The Counsel of Record for the Receiving Party shall keep any password so disclosed in a designated secure location, and shall not print, copy, or otherwise disclose it to any other person or entity other than the Receiving Party. If Counsel of Record for the Receiving Party shares the password with Receiving Party, Receiving Party shall keep any password so disclosed in a designated secure location, and shall not print, copy, or otherwise disclose it to any other person or entity. Any information produced in this manner shall be kept by the Receiving Party in a secure, password-protected system that limits access only to those authorized to view same.

    c. Discovery Materials must be stored and maintained by a Receiving Party at a location and in a secure manner, including password protection, that ensures that access is limited to the persons and circumstances authorized under this Agreement. Discovery Materials shall solely be stored and viewed electronically by the Receiving Party on a designated, password-protected computer system. Subject to the restrictions in Paras. 4 and 5 above, the Receiving Party may print and view Discovery Materials for the purpose of litigation, but shall maintain any paper copies in a secure location.

    d. All Discovery Materials and copies thereof shall, upon request, be returned to the Designating Party or destroyed (if such Discovery Materials contain the Receiving Party's attorney work product) upon final adjudication of this litigation.

    e. No person shall attend any part of a deposition in which Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material is being discussed or disclosed unless that person is a permitted recipient of such information. Counsel for the Designating Party may exclude a non-witness from all or some of a deposition based on an objection that the individual is not a permitted recipient of the information being discussed or disclosed.

    f. If Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material is disclosed to any person not authorized to receive it, the party responsible for this disclosure must immediately bring all pertinent facts pertaining to such disclosure to the attention of the Designating Party, and without prejudice to other rights and remedies of the

Designating Party, shall make every reasonable effort to prevent further disclosures by it or by the person who was the recipient of the information.

      g.    The Provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material was disclosed, all person having received Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material shall either: (1) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel, or (2) destroy all Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred. Counsel for the parties shall be entitled to retain Court papers, deposition and hearing transcripts, attorney work product, and copies stored on back-up tapes or other archival media that contain Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material or references to Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material, <u>provided</u> that counsel, and employees of counsel shall not disclose to any person nor use for any purpose unrelated to this action the Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material except pursuant to a court order or agreement with the Designating Party.

      h.    If a Receiving Party is served with a subpoena, demand, or any other legal process seeking Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material, that person shall give prompt written notice, by hand or email transmission within forty-eight (48) hours of its receipt of a subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential or Highly Confidential: Attorneys Eyes Only Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

      i.    In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential or Highly Confidential: Attorneys Eyes Only Discovery material until the [Proposed] Protective Order can be modified to address any issues presented by the addition of the newly joined party, by its counsel, or the newly appearing counsel, and a revised [Proposed] Protective Order has been agreed upon and filed with the Court.

      j.    Neither this Order, the production or receipt of Confidential Discovery Material, otherwise complying with the terms of this Order, shall:

          i.    Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery;

          ii.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material subject to this Order;

        iii.       Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

        iv.       Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided in this Order with respect to any particular Discovery material; or

        v.       Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential" or "Highly Confidential: Attorneys Eyes Only."

        k.       Nothing in this Order shall prevent the Designating Party, from using Confidential or Highly Confidential: Attorneys' Eyes Only Discovery material that the party produced and designated as Confidential or Highly Confidential: Attorneys' Eyes Only Discovery material in connection with this action.

        l.       Nothing in this Order shall preclude any party from seeking additional or different protection from the Court, or from filing a motion about the manner in which Confidential Discovery material should be treated at the hearing.

        m.       Should the Court not enter this [Proposed] Protective Order as an Order, it shall remain binding upon the parties until the Court enters a different protective order providing substantially similar protections to those contained in this [Proposed] Protective Order. Once entered, this Order shall remain in effect unless and until the Court amends or extinguishes it.

Dated this ___ day of _____, 2020

        BY THE COURT:

        _____

Respectfully submitted,

| | |
|---|---|
| GIGI KAI ZI CHAN | WELLINGTON MANAGEMENT COMPANY LLP and CHARLES ARGYLE, |
| By her attorneys, | By their attorneys, |
| */s/ Patrick J. Hannon* | */s/ Stephen T. Paterniti* |
| Barbara A. Robb (BBO # 639976) | Stephen T. Paterniti (BBO # 564860) |
| brobb@hartleymichonrobb.com | Stephen.Paterniti@jacksonlewis.com |
| Patrick J. Hannon (BBO #664958) | Sarah Walsh (BBO #664232) |
| phannon@hartleyrobbmichon.com | Sarah.Walsh@jacksonlewis.com |
| HARTLEY MICHON ROBB, LLP | JACKSON LEWIS P.C. |
| 155 Seaport Boulevard, 2nd Floor | 75 Park Plaza, 4th Floor |
| Boston, MA 02210 | Boston, MA 02116 |
| Tel: (617) 723-8000 | Tel: (617) 367-0025 |

# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN<br><br>Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE,<br><br>Defendants. | Civil Action No. 19-cv-11605-WGY |

## AGREEMENT OF EXPERTS, CONSULTANTS OR WITNESSES TO PROTECTIVE ORDER

1. I received and have read a copy of the Protective Order in this action, and agree to be bound by its terms.

2. I agree not to disclose or use any Discovery Materials for purposes other than those permitted by this Order without first having either the written consent of all parties or written approval of the Court.

3. When I am informed that this case is concluded, or sooner upon the request of the party that retained me or an order of the court, I will immediately return all Discovery Material (including copies or any notes or reports created by me that contain Discovery Material) provided to me in this action to the attorney who retained me or I will provide the attorney who retained me with a certification that I have destroyed all Discovery Material (including copies or any notes or reports created by me that contain Discovery Material) provided to me in this action.

4. I consent to the jurisdiction of this Court, or another competent court in the Commonwealth of Massachusetts, for the purposes of enforcement of the terms of this Order. I consent to being served with legal process issued from federal and state courts in Massachusetts, and I hereby irrevocably waive any objections to the personal jurisdiction or venue of these courts. I will not assert that these courts constitute an unfair or inconvenient forum.

I ACKNOWLEDGE THAT THE VIOATION OF THIS AGREEMENT OR OF THE PROTECTIVE ORDER IS A SERIOUS JUDICIAL OFFENSE AND MAY SUBJECT ME TO SUCH PENALTIES AS THE COURT MAY DETERMINE, AND THAT THIS AGREEMENT SHALL HAVE THE EFFECT OF A COURT ORDER.

_____

[NAME]

4811-6204-2501, v. 1