UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN<br><br>Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE,<br><br>Defendants. | Civil Action No. 19-cv-11605-WGY |

**JOINT MOTION TO EXTEND THE COURT'S SCHEDULING ORDER**

Now come the parties Gigi Kai Zi Chan ("Plaintiff") and Wellington Management Company LLP and Charles Argyle ("Defendants") in the above-referenced civil action and jointly request that this Court extend the Rule 56 deadline by **sixty days** and move the March 2021 trial date to **October 2021**, or sometime thereafter as convenient for the court. As grounds therefor, the parties state:

1. On November 3, 2020, the Court granted the parties' joint motion to continue discovery and Rule 56 deadlines. Under that Order all discovery was due to be exchanged by November 23, 2020 and Rule 56 motions are currently due by December 22, 2020. [Dkt. No. 44]. The parties did not move to amend the trial date at that time.

2. The trial in this matter is currently scheduled for March 2021. Trial is expected to take at least two weeks, with witnesses from multiple countries. Defense counsel, Attorney Sarah Walsh, is pregnant with an expected due date of mid-April 2021. Given that a March 2021 trial date is unlikely due to delays in the court calendar caused by COVID, the parties would like to avoid inconveniencing the court with a late request to move the date should a trial date be

scheduled during Attorney Walsh's maternity leave. The parties have mutually agreed that an **October 2021** trial date would be amenable as projecting a fall trial date would allow Attorney Walsh sufficient time to complete her maternity leave in advance of returning to work and preparing for trial.

3. With respect to discovery, the parties have completed the exchange of electronic and non-electronically stored discovery and have completed depositions under the terms of the current Scheduling Order. The parties, however, continue to work in good faith to complete several items of outstanding discovery including responses to supplemental discovery requests and require more time to complete these efforts.

4. In addition to completing responses to supplemental discovery requests, the parties are also awaiting at least one outstanding deposition transcript and have received another critical deposition transcript as recently as this week. These transcripts, along with some of the outstanding discovery responses, are necessary for the parties' thorough preparation of their respective Rule 56 motions.

5. Through this motion, the proposed deadlines would be revised as follows:

| **Litigation Event:** | **Current Deadline:** | **Proposed Deadline:** |
|---|---|---|
| Rule 56 Motions Filed By: | December 22, 2020 | February 22, 2021 |
| Trial: | March 2021 | October 2021 |

In the alternative, should the Court be disinclined to the grant the proposed extension with respect to the trial date, Plaintiff has assented to a 30-day extension of the Rule 56 motion deadline.

WHEREFORE, for all of the above-stated reasons, and in the interests of justice, counsel for the parties respectfully request that this joint motion to extend the Court's current Scheduling Order be granted.

Dated:  December 18, 2020

Respectfully submitted,

| | |
|---|---|
| GIGI KAI ZI CHAN | WELLINGTON MANAGEMENT COMPANY LLP and CHARLES ARGYLE, |
| By her attorneys, | By their attorneys, |
| */s/ Patrick J. Hannon* <br> Barbara A. Robb (BBO # 639976) <br> brobb@hartleymichonrobb.com <br> Patrick J. Hannon (BBO #664958) <br> HARTLEY MICHON ROBB, LLP <br> 155 Seaport Boulevard, 2nd Floor <br> Boston, MA 02210 <br> Tel:  (617) 723-8000 | */s/ Stephen T. Paterniti* <br> Stephen T. Paterniti (BBO # 564860) <br> Stephen.Paterniti@jacksonlewis.com <br> Sarah Walsh (BBO #664232) <br> Sarah.Walsh@jacksonlewis.com <br> JACKSON LEWIS P.C. <br> 75 Park Plaza, 4th Floor <br> Boston, MA  02116 <br> Tel: (617) 367-0025 |

## CERTIFICATE OF SERVICE

This hereby certifies that on December 18, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Stephen T. Paterniti*
Jackson Lewis P.C.