# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN<br><br>Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE,<br><br>Defendants. | Civil Action No. 19-cv-11605-WGY |

## NOTICE OF TAKING OF DEPOSITION OF
## AMERIPRISE FINANCIAL, INC.

TO:   Ameriprise Financial, Inc.
      c/o CT Corporation (Registered Agent)
      155 Federal Street, Suite 700
      Boston, MA 02110

**PLEASE TAKE NOTICE** that at **10:00 a.m.** on **Tuesday, August 25, 2020**, the Defendant Wellington Management Company LLP will take the deposition upon oral examination of **Ameriprise Financial, Inc.,** pursuant to the Federal Rules of Civil Procedure, before a notary public or some other officer authorized by law to administer oaths. Please take notice that due to the disruptions to travel and in-person meetings caused by the COVID-19 outbreak, the deposition will take place via remote means and will be coordinated by Manga Legal Services or some other court reporting agency.

Pursuant to Fed. R. Civ. P. 30(b)(6), Ameriprise Financial, Inc. is required to designate one or more individuals to testify as to each of the topics listed in the attached **Schedule A**. The person designated must testify on behalf of Ameriprise Financial, Inc. about information known or reasonably available to Ameriprise Financial, Inc.

You are invited to attend and cross-examine.

## **SCHEDULE A (AMERIPRISE FINANCIAL, INC.)**

1. Gigi Chan's presentation style/ability and the company's opinions/assessment of her ability/effectiveness in public speaking/presentations, and documents pertaining to any such public speaking/client presentation that took place;

2. The facts and circumstances relating to the decision to suspend Chan from managing the China Opps Fund as of September 6, 2013, as referenced in the September 9, 2013 correspondence from Steve Worrall, Head of HR to Chan dated September 9, 2013 (the "Suspension Letter");

3. The facts and circumstances relating to the decision to suspend Chan from work, as referenced in the September 9, 2013 correspondence from Steve Worrall, Head of HR to Chan dated September 9, 2013;

4. The facts, circumstances and any conclusions and reports relating or pertaining to the investigation referenced in the September 9, 2013 correspondence from Steve Worrall, Head of HR to Chan dated September 9, 2013;

5. The reason(s) for Chan's separation from employment in or around October 2013;

6. The reasons for the corporate decision to enter into the Settlement Agreement dated October 10, 2013, between Chan and Threadneedle Investments Singapore (Pte) Limited, produced by Ameriprise Financial, Inc. on or about July 20, 2020 (the "Settlement Agreement");

7. The terms of Chan's separation from employment, including but not limited to the terms set forth in the Settlement Agreement;

8. Threatened or actual claims or complaints made by Chan about her employment, compensation, work conditions, support from the company, or treatment by the company, both during and/or after her employment with the company;

9. Chan's compensation at the time of her separation from employment from the company;

10. The identity of, last known or current address, and contact information for the following individuals:

    a. Chan's supervisor(s) from 2008-2013;
    b. Chan's team members/co-employees who worked with her on the China Opportunities Fund or China Opps Fund from 2008-2013;
    c. Human Resources and other decisionmakers involved in Chan's separation;
    d. Steve Worrall, Head of HR identified in the Suspension Letter;
    e. William Davies, referenced in the Suspension Letter;
    f. Andrew Chan, referenced in the Suspension Letter;

      g. Campbell Fleming, signatory to the Settlement Agreement; and

      h. Vanessa Donegan, referenced in the draft press release attached the Settlement Agreement;

11. Chan's performance, including all performance evaluations/reviews and discipline;

12. Any complaints made about Chan by Chan's colleagues both during and/or after her employment at the company; and

13. Ameriprise's response to the subpoena served on it by Wellington Management Company Inc.