# EXHIBIT 7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GIGI KAI ZI CHAN,

        Plaintiff

vs.               CA NO. 19-CV-11605-WGY

WELLINGTON MANAGEMENT COMPANY

LLP and CHARLES ARGYLE,

        Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEOTAPED DEPOSITION OF:

GIGI KAI ZI CHAN

(Taken Remotely)

375 Route de Prades

St. Geniez d'Olt, France

October 6, 2020      9:07 a.m.

Darlene M. Coppola

Registered Merit Reporter

Certified Realtime Reporter



Page 231

1    of anybody else being suspended for failing to
2    execute the instructions or directions of a
3    chief investment officer or a team leader -- a
4    fund manager team leader?
5         A.   Not that I recall at the moment.
6         Q.   And directing your attention to
7    Exhibit 13, which is referenced on our tabs in
8    the group chat as Tab M, sub ii -- do you have
9    that or do I need to reload that?
10        A.   Please.
11        Q.   I posted it at 11:58 a.m.
12        A.   Please could you reload it because --
13        Q.   Sure.
14        A.   -- it's actually disappeared.
15        Q.   I'll reload it.
16        A.   Thank you.
17        Q.   Do you have it?
18        A.   I have it now, yes.
19        Q.   And this, again, was the -- one of the
20   applications you filled out for the position
21   at WMHK for equity research analyst, correct?
22        A.   Correct.
23        Q.   Directing your attention to the last
24   page of this exhibit, Question 9 asks you,



Page 232

1   "Are you or have you ever been the subject of
2   an investigation into allegations of
3   misconduct or malpractice in connection with
4   any business activity?"
5       And you answered, "No," correct?
6   A.  Correct.
7   Q.  At that time that you filled this out,
8   you were obviously aware of the allegations of
9   insubordination made while you were working at
10  Threadneedle, correct?
11  A.  Allegations of insubordination, yes.
12  I was aware of allegations of insubordination,
13  yes.
14  Q.  Isn't that information that you
15  believe Wellington Management Hong Kong was
16  entitled to know about in response to this
17  Question No. 9?
18  A.  It was not information that I thought
19  Wellington was asking me about in
20  Question No. 9.
21  Q.  Why did you think that?
22  A.  Because I don't think that allegations
23  of misconduct or malpractice is the same as
24  allegations of insubordination.



Page 233

1       Q.   Did you check with anybody to
2    determine what they meant by that -- what was
3    meant by that before you answered it?
4       A.   I don't recall right now.
5       Q.   So we were -- I was asking you
6    questions prior to the break about the EMO
7    team and the analyst position.  I just want to
8    ask you a couple of background questions.
9            So again, not to beat a dead horse,
10   but Mr. Baxter, to your knowledge, was the --
11   was a director in GEPM, sort of a regional
12   director under Charles Argyle, correct?
13      A.   At the time that was my understanding.
14      Q.   And when -- I'm sorry.  I didn't mean
15   to talk over you.
16           When you were working out of the
17   Wellington Management Hong Kong, was
18   Mr. Baxter based there as well?
19      A.   Yeah, when I was working at Wellington
20   in Hong Kong, yes, Mr. Baxter was based in
21   Hong Kong as well, yes.
22      Q.   Would you -- would you say that your
23   most regular interaction in terms of frequency
24   with GEPM management was with Mr. Baxter?



```
                                                           Page 274
 1                         CERTIFICATION
 2            I, DARLENE M. COPPOLA, a Notary Public, do hereby
 3      certify that GIGI KAI ZI CHAN, appeared remotely on
 4      the 6th day of October, 2020, and was by me duly sworn
 5      to testify to the truth and nothing but the truth as
 6      to her knowledge touching and concerning the matters
 7      in controversy in this cause; that she was thereupon
 8      examined upon her oath and said examination reduced to
 9      writing by me; and that the statement is a true record
10      of the testimony given by the witness, to the best of
11      my knowledge and ability.
12               I further certify that I am not a relative or
13      employee of counsel/attorney for any of the parties,
14      nor a relative or employee of such parties, nor am I
15      financially interested in the outcome of the action.
16            WITNESS MY HAND THIS 13th day of October, 2020.
17
18
19
20
21      DARLENE M. COPPOLA             My commission expires:
22      NOTARY PUBLIC                  November 11, 2022
23      REGISTERED MERIT REPORTER
24      CERTIFIED REALTIME REPORTER
```

