IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GIGI KAI ZI CHAN,

Plaintiff,

v.

WELLINGTON MANAGEMENT
COMPANY LLP and CHARLES ARGYLE

Defendants.

C.A. NO.:  1:19-cv-11605

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND ANSWER

Defendants' motion to amend should be denied for three reasons.

*First*, the proposed amendments are futile, as neither the Worker's Compensation Act nor the "after acquired evidence" doctrine provide a valid defense to the claims at issue under Massachusetts law.

*Second*, Defendant has not—and cannot—demonstrate "good cause" for its delay in seeking to add these affirmative defenses.

*Third*, allowing Defendants to amend their answer at this late stage—after all discovery has been served and depositions completed—would unfairly prejudice Plaintiff.

### I.      Futility

With respect to a potential defense based on the Massachusetts Worker's Compensation Act, that defense would be futile with respect to Plaintiff's discrimination claims, as those are statutory—as opposed to common law—claims.  See M.G.L. c. 152, § 24 (providing waiver with respect to employee's "right of action at common law); see also Green v. Wyman-Gordon Co.,

422 Mass. 551, 554-561 (1996) (discussing exclusivity provisions under Chapter 151B and Worker's Compensation Act).

Defendants' newly proposed "after acquired evidence" defense is similarly futile. While the defense is well-established under federal law, it has not been recognized (at least to date) as a valid defense under Massachusetts law. See EventMonitor, Inc. v. Leness, 473 Mass. 540, 543 (2016) ("In the rare opportunities that this court and the Appeals Court have had to consider the issue of after-acquired evidence in the context of a termination from employment, neither of the courts has adopted, or declined to adopt, this doctrine.").

II.     Lack of "Good Cause"

While the standard for permitting amendments under Rule 15 is generally "liberal," the First Circuit has held that the standard becomes more exacting as a case proceeds towards trial. "Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id.

Defendants' motion does not even attempt to meet this standard. Indeed, Defendants offer no explanation for why they waited so long to assert these affirmative defenses. This is particularly striking with respect to the Worker's Compensation Act issue, as the "physical injuries" upon which Defendants now seek to base their defense were disclosed in the initial complaint.

Likewise, Defendants' memorandum makes clear that they had knowledge of the pertinent facts concerning the "after acquired evidence" issue at the time of Plaintiff's deposition—which occurred on October 6, 2020. At that time, Plaintiff had not conducted a

single deposition. See Exhibit A. Had Defendants promptly sought to amend, Plaintiff would

have been afforded the opportunity to discover the factual basis for that defense during the

course of the subsequent six depositions that were taken of current and former Wellington

employees. Id. Defendants instead sat silent, and now offer no explanation or excuse for doing

so.

Given Defendants' lack of diligence, they are unable to meet the "good cause" standard.

### III.   Prejudice

While Defendants' assert in their motion that they should be able to "argue" these

defenses to the jury, Defendants overlook that affirmative defenses are not just a matter of

argument—they also require proof. The "after acquired evidence" doctrine is particularly fact

intensive, as it requires proof that "the wrongdoing was of such severity that the employee **in**

**fact would have** been terminated on those grounds alone if the employer had known of it at the

time of the discharge". McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362–63 (1995)

(emphasis added). Thus, "[w]hen an employer raises [an after-acquired evidence] defense, a

court must look to the employer's actual employment practices and not merely the standards

articulated in its manuals when evaluating whether the employee in fact would have suffered the

adverse employment action." Madigan v. Webber Hosp. Assoc., No. 2:11-CV-94-JAW, 2012

WL 664754, at *9 (D. Me. Feb. 15, 2012).

Because of Defendants' failure to timely assert this defense, Plaintiff has not been

afforded the opportunity to conduct discovery concerning that factual issue. As such, allowing

the amendment would unfairly prejudice Plaintiff, and the amendment must therefore be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the motion to amend be denied.

/s/ Patrick J. Hannon
Patrick J. Hannon (BBO# 664958)
Hartley Michon Robb Hannon, LLP
155 Seaport Blvd., 2nd Floor
Boston, MA 02210
P: (617) 723-8000
F: (617) 447-2800
phannon@hmrhlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, certify that on this 16th day of March 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving their counsel of record.

/s/ Patrick J. Hannon
Patrick J. Hannon