UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN,<br><br>      Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE<br><br>      Defendants. | Civ. Action No. 19-cv-11605-WGY |

## NON-PARTY WITNESS MINA KOIDE'S MOTION TO QUASH TRIAL SUBPOENA AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, non-party witness Mina Koide ("Ms. Koide") hereby submits this Motion to Quash in connection with the Subpoena to Testify at Trial ("Subpoena") issued to her by Plaintiff Gigi Kai Zi Chan in the above-captioned action pending in this Court.  (Ms. Chan's Subpoena served on Ms. Koide is attached hereto at **Exhibit A**.)   The Subpoena seeks testimony from Ms. Koide that is protected by the work-product doctrine.  Pursuant to Rule 45, such testimony is beyond the reach of a proper subpoena. Moreover, where the Subpoena seeks testimony that is not protected by the work-product doctrine, that testimony is either completely irrelevant to this matter or readily available to Plaintiff through means substantially less burdensome on Ms. Koide.  For the reasons set forth below, the Court should grant the Motion to Quash of non-party witness Mina Koide.

**BACKGROUND**

Ms. Chan is the Plaintiff in the instant action, litigating discrimination claims against Wellington Management Company LLP and Charles Argyle.  Ms. Koide is separately prosecuting discrimination and retaliation claims against Wellington Management Company LLP and Charles Argyle in Suffolk Superior Court (1884CV03569), which claims she originally filed on November 15, 2018.  In addition to her discrimination and retaliation claims against Wellington Management Company LLP and Charles Argyle, and by contrast to Ms. Chan, Ms. Koide also brought claims against Wellington Management Group LLP (the ultimate parent company of Wellington Management Company LLP), Wellington Management Company LLP's and Wellington Management Group LLP's former CEO Brendan Swords, former General Counsel and Secretary of the Executive Committee Cynthia Clarke, and Director of Global Employee Relations Tama Donovan.  Ms. Koide's litigation is not related to Ms. Chan's claims in this case.

Indeed, during the time Ms. Koide was employed at Wellington Management Company LLP and Wellington Management Group LLP, she had almost no contact with Ms. Chan whatsoever. *They worked in different positions, targeting different markets, in different offices, in entirely different countries*.  Furthermore, prior to receiving the Subpoena at issue, Ms. Koide had no contact whatsoever with Ms. Chan regarding either her own or Ms. Chan's litigation.  Ms. Koide was not deposed in this matter.  She was not contacted about a deposition in this matter.  Neither the Plaintiff nor the Defendants requested any documents from Ms. Koide.  Yet on August 11, 2021, well after the close of fact discovery in this matter, counsel for Ms. Chan, Attorney Patrick Hannon, served on undersigned counsel the instant Subpoena, commanding Ms. Koide to appear at Trial in Courtroom 18 on October 4, 2021 at 9:00 a.m.

After receiving the Subpoena, undersigned counsel spoke with Attorney Hannon about the Subpoena. Attorney Hannon stated that he intends to elicit testimony from Ms. Koide concerning an alleged "timeline" of disparate treatment that Ms. Chan suffered following Ms. Koide's filing of a Charge of Discrimination against Wellington Management Company LLP (and Wellington Management Group LLP, et al.) at the Massachusetts Commission Against Discrimination ("MCAD"). See Affidavit of Patricia A. Washienko, attached hereto at **Exhibit B**. Pursuant to Rule 45, however, Ms. Koide's testimony regarding the preparation of her Charge of Discrimination is protected by the work-product doctrine. The limited testimony that is not protected can also be much more easily introduced through the Charge itself and/or Ms. Koide's public Superior Court Complaint; Ms. Koide otherwise has no relevant information about Ms. Chan. Accordingly, pursuant to Rule 45 the subpoena must be quashed.

## LEGAL ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure expressly provides that a subpoena requiring disclosure of privileged materials must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii). Rule 45 further provides that a subpoena may be quashed where it presents an undue burden on the recipient. Fed. R. Civ. P. 45(d)(3)(A)(iv). The First Circuit has also held that Rule 45 provides special protections for non-parties that receive subpoenas. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing [discovery] needs."); *Cable v. Weinman (In re Pub. Offering PLE Antitrust Litig.)*, 233 F.R.D. 70, 80 (D. Mass. 2006) (Young, D.J.). "In determining whether a subpoena imposes an 'undue burden' on a non-party, courts consider '(1) the relevance of the information requested; (2) the need of the [non]-party for the documents; (3) the breadth of the document request; (4) the time period

covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party.'" *LSI Corp. v. Vizio, Inc.*, 2012 U.S. Dist. LEXIS 83657, at *3 (D. Mass. May 24, 2012); *see also In re New Eng. Compounding Pharm., Inc.*, 2013 U.S. Dist. LEXIS 161652, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013).

Of course, a "Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *In re New England Compounding Pharmacy, Inc. Products Liab. Litig*. No. MDF 13-2419, 2013 U.S. Dist. LEXIS 161652 (D. Mass. Nov. 13, 2013); *see also Green v. Cosby*, 2015 U.S. Dist. LEXIS 173475 (D. Mass. Dec. 31, 2015). "The scope of discovery, however, differs significantly between parties and nonparties. The 'relevance' standard of Rule 26 does not apply to nonparties. 'To obtain discovery from nonparties, a party must establish that its need for discovery outweighs the nonparty's interest in nondisclosure.'" *Town of Grafton v. Pulte Homes of New Eng., LLC*, 2014 U.S. Dist. LEXIS 69639, *7-8 (D. Mass. May 21, 2014) (citing *Bio-Vita, Ltd. v. Biopure Corp.*, 138 F.R.D. 13, 17 (D. Mass. 1991); *Cusumano*, 162 F.3d at 717). Finally, Courts also consider whether the sought-after evidence is more readily available from another source. *See In re Consellior SAS, Kerfraval, Ass'n De Documentation Pour L'industrie Nationale*, 2013 WL 5517925, at *3 (D. Conn. Oct. 2, 2013)); *Cumby v. American Med. Response, Inc.*, No. 3:18-cv-30050-MGM, 2019 U.S. Dist. LEXIS 38181, at *15 (D. Mass.

Mar. 11, 2019); *Ponder v. Ocwen Loan Servicing, LLC*, Civil Action No. 19-mc-91215-ADB, 2019 U.S. Dist. LEXIS 87616, at *6 (D. Mass. May 24, 2019).[1]

The Plaintiff's Subpoena in this action plainly presents an undue burden on Ms. Koide. In discussing the Subpoena with undersigned counsel, counsel for Ms. Chan stated that his intention to call Ms. Koide as a witness was based on a timeline of alleged mistreatment Ms. Chan suffered following Ms. Koide's filing of her Charge against Wellington at the MCAD. See Exhibit B.  Ms. Koide's preparation of her MCAD Charge is protected by the work-product privilege, however, and therefore her testimony on this issue would be severely limited – *i.e.*, to only the fact of her filing the Charge itself.  Moreover, the facts contained in the Charge speak for themselves and are just as easily obtained through its introduction.  *See In re Special Proceedings*, 373 F.3d 37, 45 (1st Cir. 2004) ("[D]isclosure may be denied where the same information is readily available from a less sensitive source."), citing *Cusumano,* 162 F.3d at 716-17; *United States v. Trustees of Boston College (In re Price)*, No. 11-91078-WGY, 2012 U.S. Dist. LEXIS 6516, at *3 (D. Mass. Jan. 20, 2012) (Young, D.J.)).  This is particularly the case given that the same facts are again set out in detail in the Complaint she filed in Suffolk Superior Court in *Mina Koide v. Wellington Management Company, LLP, et al.*, Civil Action No.: 1884CV03569E.  Ms. Koide's preparation of her Complaint is, of course, also protected by

---

[1]Additionally, courts generally require that parties seek information from other parties to the litigation prior to seeking that information from non-parties. *See, e.g., Blount International, Ltd. v. Schuylkill Energy Resources, Inc.*, 124 F.R.D. 523, 1989 U.S. Dist. LEXIS 2774 (D. Mass. 1989) (observing discovery may be restricted when non-party is target). *See also Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement*, 2016 WL 159842, at *2 (D. Ariz. Jan. 14, 2016) (prohibiting a party from obtaining discovery from a non-party if the same information is available from another party to the litigation); *Rocky Mountain Med. Mgmt., LLC v. LHP Hospital Group, Inc.*, 2013 U.S. Dist. LEXIS 175590, at *4 (D. Idaho, Dec. 9, 2013) (same); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 U.S. Dist. LEXIS 148555, at *6 (S.D. Ind. 2011) (same); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) (same).  Defendants have copies of Ms. Koide's Charge and Superior Court Complaint.  Moreover, Defendants' witnesses actually have knowledge of Defendants' own behavior

the work-product doctrine. As Ms. Koide's testimony on the stated issue is protected by the work-product doctrine and the otherwise discoverable facts are readily available elsewhere, forcing Ms. Koide to testify is an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).

Moreover, Ms. Koide's potential testimony is likely not at all relevant. Although Ms. Koide may have briefly exchanged social pleasantries with Ms. Chan in Wellington's Boston office, she does not recall having any substantive interactions with Ms. Chan or anyone on her team. Ms. Koide did not write a peer review of Ms. Chan. Ms. Koide does not recall ever speaking with Ms. Chan on the phone, nor ever exchanging email with Ms. Chan. Ms. Koide does not recall ever visiting the Wellington entities' Hong Kong office.

Ms. Koide's submission of her own MCAD Administrative Charge and her own experiences at Wellington are far outside the 300-day look back period for Ms. Chan's actionable M.G.L. Ch. 151B § 4 claims. Thus, even if there was a connection between Ms. Koide's experiences and an alleged timeline for Ms. Chan (and there is not), such a connection would be far outside Ms. Chan's statutory window to pursue in court. As Ms. Koide's experience could only serve as background evidence, the analysis above regarding the undue burden on her is even more powerful. Moreover, although Ms. Chan's Summary Judgment filings state that Ms. Koide filed an MCAD Charge on August 8, 2016, Ms. Chan's filings do not mention any adverse employment action against Ms. Chan at that time nor do they draw a connection between Ms. Koide's MCAD Charge and the decision to terminate Ms. Chan ten months later. Regardless, Ms. Koide filed at the MCAD because she (Ms. Koide) had been fired, *i.e.*, she was a former employee and legal adversary of Wellington and certain Wellington personnel, and she has no knowledge of what Wellington personnel thought of her MCAD filing

---

following Ms. Koide's filing of her MCAD Charge. As Ms. Koide had already been terminated at this

or how they reacted to it internally. Ms. Koide has no knowledge concerning Ms. Chan's termination or events leading up to it other than what is the public case file for *Chan v. Wellington Mgmt. Co. LLP and Argyle*.

Further facts supporting that Ms. Koide's MCAD Charge is not relevant to any treatment directed toward Ms. Chan are set out below:

- Ms. Koide submitted her MCAD administrative charge on August 8, 2016, **700** days before Ms. Chan's MCAD filing, and **400** days before Ms. Chan's termination, well outside Ms. Chan's 300 day look back period.

- Ms. Koide was terminated on March 24, 2016, **837** days before Ms. Chan's MCAD filing and **537** days before Ms. Chan's termination, even further outside Ms. Chan's 300 day look back period.

- In her District of Massachusetts Complaint and Summary Judgment papers, Ms. Chan did not plead any adverse employment events connected with or occurring in close proximity to Ms. Koide's MCAD filing or Ms. Koide's termination. In fact, other than Ms. Chan's own termination, Ms. Chan does not allege any specific adverse employment actions due to discrimination, *i.e.*, she does not claim that she suffered a reduction in compensation, job responsibilities, etc. in retaliation for her (alleged) verbal discrimination complaints. By comparison, Ms. Koide's MCAD Administrative Charge and Superior Court Amended Complaint plead with specificity several adverse employment actions that Ms. Koide suffered.

- Seemingly all of Ms. Chan's claims that she made verbal discrimination complaints refer to being treated disrespectfully or in a physically inappropriate manner. By comparison,

---

time, she has no knowledge of Defendants' workplace behavior thereafter.

       Ms. Koide's MCAD Administrative Charge and Superior Court Amended Complaint do not allege physically improper or disrespectful conduct toward her.  Furthermore, Ms. Koide has no knowledge of the physically improper and disrespectful conduct that Ms. Chan alleges other than what is described in the *Chan* public case file.

In short, Ms. Koide's experience is not at all relevant to Ms. Chan's claims.

       As for Ms. Chan's need for the evidence: as noted above, the facts contained in Ms. Koide's Charge (and Complaint) speak for themselves and are just as easily obtained through its (their) introduction.  There is thus no specific need for this evidence to justify the undue burden on Ms. Koide.  Moreover, any claim that this evidence is needed is impossible to square with the fact that counsel for Ms. Chan made no effort to reach out to Ms. Koide while fact discovery was open.  Indeed, the discovery timeline in the *Chan* matter shows that Ms. Chan had more than enough time to depose Ms. Koide in late 2020. Nevertheless she made no effort to depose Ms. Koide. Although Attorney Hannon sent a brief email to undersigned counsel on November 2, 2020, while fact discovery was ongoing, he did not follow up until Ms. Koide received the instant Subpoena, more than nine months later. If Ms. Koide's testimony were truly necessary, surely Ms. Chan would have reached out prior to the eve of trial.  (Furthermore, Ms. Chan certainly could have even sought a later discovery deadline if she believed it necessary to obtain discovery from Ms. Koide and for some reason believed that the existing discovery deadline was not sufficient to obtain such discovery.  Ms. Chan did not make any such effort, however.)

       In light of the privileged nature of the vast majority of Ms. Koide's testimony here, the undue burden on Ms. Koide to testify about the limited information she has that is not protected, and that any discoverable facts are readily available elsewhere, the Subpoena on Ms. Koide should be quashed in its entirety.

## CONCLUSION

WHEREFORE, for the reasons stated above, Ms. Koide respectfully requests that the Subpoena to Testify at Trial served on her be quashed in its entirety. A proposed order is attached hereto at **Exhibit C**.

Respectfully Submitted,

MINA KOIDE,
By her attorneys,

/s/ Patricia A. Washienko
Patricia A. Washienko, BBO# 641615
pwashienko@fwlawboston.com
Brendan T. Sweeney, BBO # 703992
bsweeney@fwlawboston.com
FREIBERGER & WASHIENKO, LLC
211 Congress Street, Suite 720
Boston, MA  02110
p:  617.723.0008  f:  617.723.0009

Dated: August 25, 2021

## CERTIFICATION UNDER LOCAL RULE 37 / 7.1(a)(2)

Pursuant to Local Rules 37 and 7.1, I, Patricia A. Washienko, hereby certify that on Friday, August 13, 2021, I conferred with Plaintiff's counsel of record, Patrick J. Hannon, Esq., regarding Plaintiff's Subpoena and the relief non-party witness Ms. Koide requests in this motion. I further exchanged a letter and emails regarding same with Attorney Hannon on August 23, 2021 and August 24, 2021. The parties were unable to narrow the issues and so Ms. Koide seeks relief from this Court.

/s/ Patricia A. Washienko
Patricia A. Washienko

Dated: August 25, 2021

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Patricia A. Washienko
Patricia A. Washienko
