UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 19-CV-11605 (WGY) |
| WELLINGTON MANAGEMENT CO. LLP | ) |
| AND CHARLES ARGYLE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION OF NON-PARTY AMERIPRISE FINANCIAL, INC. TO QUASH TRIAL SUBPOENA DUCES TECUM

Non-Party Ameriprise Financial, Inc. ("Ameriprise") hereby moves pursuant to Fed. R. Civ. P. 45(d)(3) to quash the subpoena (copy attached hereto) issued by Defendants requiring the "Keeper of Records" of Ameriprise to attend trial, give testimony, and produce certain records. The subject matter of this subpoena and the issues surrounding it have been discussed over the past year by counsel as a result of a previously issued deposition subpoena. In response to that subpoena, Ameriprise produced documents and explained that it did not have a person who could provide live testimony. The present trial subpoena should be quashed for these reasons: (1) the Keeper of Records has no relevant testimony and requiring a live witness who can give no relevant testimony creates an undue burden; (2) Ameriprise has been unable to locate responsive documents other than a select few that were provided already to Defendants' counsel; (3) searching for and producing responsive documents would be unduly burdensome because the records sought are for a time period 8-14 years ago and, to the extent they exist, would be in the possession of a distinct Singaporean corporate affiliate that is prohibited from disclosing such records under Singaporean law; and (4) the records sought (to the extent they exist) would include privileged materials.

011264/0195/4836-8933-3499.2

**(1) <u>The Keeper of Records Has No Relevant Testimony</u>**

The subpoena directs the "Keeper of Records" to attend trial and give testimony. The subpoena is not directed to any particular individual. <u>See</u> Fed. R. Civ. P 45(a)(1)(A)(iii) (a subpoena "must" "*command each person to whom it is directed* to do the following….") (emphasis added). An Ameriprise records custodian will have no personal knowledge of the responsive documents that were located and provided to Defendants' counsel, or of the facts and circumstances pertaining to this matter. The records custodian would be unable to provide testimony sufficient to lay a foundation for the admissibility of the documents at trial, except that he/she could testify that they are true and accurate copies of documents in Ameriprise's possession, custody or control. Accordingly, requiring the records custodian to attend trial in this matter would create an undue burden where the custodian could provide no pertinent testimony.

**(2) <u>Ameriprise Has Already Produced Responsive Documents to Defendants' Counsel</u>**

In response to various requests and discovery subpoenas issued by Defendants' counsel, Ameriprise produced the responsive documents that it was able to locate. The trial subpoena seeks documents from an indirect corporate subsidiary of Ameriprise and, to the extent the documents exist, they would be located in Singapore. Ameriprise searched for responsive documents and produced what it could find to Defendants' counsel. As noted above, a records custodian from Ameriprise would be unable to lay a sufficient foundation at trial for the documents to be admitted. Accordingly, requiring Ameriprise to provide another copy of the documents at trial would serve no purpose for the Defendants and would therefore place an undue burden on Ameriprise.

### (3) **Searching for and Producing Responsive Records Would Create an Undue Burden**

Instead of seeking records directly from Plaintiff's employer (a Singaporean Columbia Threadneedle affiliate, Threadneedle Investments Singapore (Pte) Limited, whose parent company during the relevant time period was based in the United Kingdom), Defendants have instead sought to short-circuit the process of obtaining records from a foreign entity by serving the subpoena on Ameriprise – the ultimate corporate parent of the Columbia and Threadneedle group of companies (which itself includes companies and offices in seventeen countries worldwide). Putting aside the potentially difficult question of whether documents of Plaintiff's employer are within Ameriprise's "control" and thus required to be searched for and produced by Ameriprise, the burden of searching for and producing them would be undue.

Rule 45 of the Federal Rules of Civil Procedure specifically requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." See Fed. R. Civ. P. 45(d)(1). Here, the Defendants should have taken appropriate measures to obtain responsive documents from the correct foreign corporate entity, instead of seeking to pass off that burden onto Ameriprise, which is not a party to this case and has no stake in its outcome. See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 233 F.R.D. 143, 146 (D. Del. 2005) ("Further, the Court understands that Power Integrations has several options available to it to obtain the discovery it seeks. Power Integrations may apply the processes of the Hague Convention to subpoena LGE–Korea, the party with actual possession and control over the documents Power Integrations seeks. Because alternative avenues exist for Power Integrations to pursue the requested information, and the circumstances in this case do not justify the Court disregarding the 'corporate formalities' associated with related but independent corporate entities to obtain documents in the possession

3

and immediate control of a non-party parent corporation, the Court will grant LGE–USA's Motion To Quash.").

Additionally, and perhaps most problematically, Ameriprise is informed that personnel records of the type sought in the subpoena are subject to strict Singaporean confidentiality laws preventing their disclosure. Ameriprise has explained this concern to Defendants' counsel in the past, yet to date, Defendants have not undertaken any steps to address the issue by seeking the documents directly from the entity in Singapore.

**WHEREFORE**, Non-Party Ameriprise Financial, Inc. respectfully requests that this Court:

1. ALLOW this Motion;

2. Quash the subpoena issued by Defendants requiring the "Keeper of Records" of Ameriprise to attend trial, give testimony, and produce certain records; and

3. Issue such further relief in Ameriprise's favor as is equitable and just.

AMERPRISE FINANCIAL, INC.

By Its Attorney,

*/s/ Louis M. Ciavarra*
Louis M. Ciavarra (BBO #546481)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
Telephone:  508-926-3408
Facsimile:  508-929-3011
E-mail:  lciavarra@bowditch.com

Date: September 21, 2021

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, I, Louis M. Ciavarra, Esq., hereby certify that I have conferred with counsel for the Defendants regarding the subject matter of this Motion, but we have not been able to resolve it.

*/s/ Louis M. Ciavarra*
Louis M. Ciavarra

## CERTIFICATE OF SERVICE

      I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2021.

      */s/ Louis M. Ciavarra*
      Louis M. Ciavarra