UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN,<br><br>   Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE<br><br>   Defendants. | Civ. Action No. 19-cv-11605-WGY |

**NON-PARTY WITNESS MINA KOIDE'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 16, 2021 ORDER DENYING HER MOTION TO QUASH TRIAL SUBPOENA AND/OR FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

  Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Non-Party Witness Mina Koide respectfully moves this Court to reconsider its September 16, 2021 Order denying her Motion to Quash Trial Subpoena served on her by the Plaintiff, Gigi Kai Zi Chan. As grounds therefore, Ms. Koide respectfully states that in his Opposition, counsel for Ms. Chan dramatically expanded the scope of the potential testimony he intends to elicit from Ms. Koide, revealing the likelihood that trial counsel's law partner disclosed to trial counsel information Ms. Koide disclosed to the law partner in an attorney-client privileged communication during a paid consultation in violation of the rules of professional ethics, and causing immeasurable harm and an even greater burden on Ms. Koide should she be forced to testify.

  For the reasons set forth in detail below, Ms. Koide respectfully requests that this Court reconsider its order and quash Ms. Chan's Subpoena. In the alternative, should the Court decline to protect Ms. Koide by quashing the trial subpoena, then pursuant to Rule 26(c)(1)(D) of the


Federal Rules of Civil Procedure, Ms. Koide urges the Court to enter a protective order barring examination by counsel into matters protected by the attorney-client privilege and/or work product doctrine and permitting undersigned counsel to defend Ms. Koide during her testimony to protect her from improper questioning not only by trial counsel for plaintiff, but also trial counsel for defendants – the very same counsel defending defendants in litigation by Ms. Koide against the same defendants.  In these circumstances, depriving Ms. Koide of counsel during her trial testimony would be akin to the Court preventing undersigned counsel from defending Ms. Koide at her deposition, an inconceivable and untenable deprivation of her right to counsel.

## BACKGROUND

As the Court is aware, on August 11, 2021, Ms. Chan served on Ms. Koide a Subpoena to testify at trial (the "Subpoena").  On August 25, 2021, Ms. Koide moved to quash that Subpoena, as the alleged testimony that Ms. Chan's attorney claimed he intended to illicit from Ms. Koide – a "timeline" of alleged disparate treatment that Ms. Chan suffered following Ms. Koide's filing of a Charge of Discrimination – is not relevant to Ms. Chan's claims and places an undue burden on her given that "timeline" of events may be introduced through her Charge and Superior Court Complaint. (See Dkt. No. 82.) On September 15, 2021, Ms. Chan responded with her opposition, expanding the scope of her proposed areas of questioning upon Ms. Koide to:  "(1) the treatment she experienced at Wellington, (2) the complaints she made to Wellington and the MCAD about that treatment, and (3) the actions that Wellington took in response to her complaints."  (Dkt. No. 85.)  The following day, September 16, 2021, and before Ms. Koide had the opportunity to respond to the additional areas of proposed examination, the Court entered an electronic order denying Ms. Koide's motion to quash.  (Dkt. No. 88.)

**LEGAL STANDARD**

Under Fed. R. Civ. P. 59(e), a party may direct the district court's attention to newly discovered material evidence or a manifest error of law or fact enabling the court to correct its own errors. *Aybar v. Crispin-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997). A court may grant a motion for reconsideration "where the movant shows … newly discovered evidence." *Kansky* v. *Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007). Such an interlocutory relief may be granted as justice requires: "When faced with a motion for reconsideration, district courts should apply an interests-of-justice test." *U.S. v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009), citing *Greene v. Union Mutual Life Ins. Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985). *Cf. Douglas v. York County*, 360 F.3d 286, 289 (1st Cir. 2004) (holding that the district court abused its discretion in denying a motion for reconsideration where a party submitted new evidence in the form of affidavits in response to the district court's reframing of an issue at hearing).

**ARGUMENT**

While Ms. Koide maintains that her testimony on the limited issue of the supposed "timeline" of treatment suffered by Ms. Chan is not relevant and places an undue burden on her,[1] the now largely expanded scope of her testimony raises a number of additional issues. First, and unfortunately, the expanded scope of Ms. Koide's testimony gives rise to serious concerns regarding the conduct of Ms. Chan's counsel and the law firm Hartley Michon Robb Hannon LLP. Second, the expanded scope of Ms. Koide's potential testimony illustrates the irrelevance

---

[1] Ms. Chan's Opposition completely fails even to address that "[c]oncern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing [discovery] needs." *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Given that Ms. Koide is not a party to this matter, she is entitled to special weight when assessing the burden imposed by her testimony.

of Ms. Koide's experience to Ms. Chan's prosecution of her claims and that it will serve only to confuse the jury. Finally, the expanded scope also illustrates how Ms. Koide will suffer substantial prejudice if she is forced to testify in this case, particularly if she is deprived of counsel.

**A.      The Expanded Scope Of The Testimony That Attorney Hannon Intends To Elicit From Ms. Koide Gives Rise To Grave Concerns About Counsel's Disclosure Of Client Confidences**

As described above, although counsel for Ms. Chan represented to undersigned counsel that Ms. Koide's testimony would be limited to an alleged "timeline" of disparate treatment, in the Opposition, counsel for Ms. Chan has expanded the scope of Ms. Koide's proposed testimony to now include: "(1) the treatment she experienced at Wellington, (2) the complaints she made to Wellington and the MCAD about that treatment, and (3) the actions that Wellington took in response to her complaints." This is a massive expansion of Ms. Koide's potential testimony, as it now includes her *entire* experience at Wellington, which is the very subject of her own claims against Wellington and in which Wellington is represented by the same attorneys as in the instant matter. Based on this expansion, Ms. Koide has grave concerns that her confidential information was improperly shared with counsel for Ms. Chan in violation of the Rules of Professional Conduct.

In contemplating litigation against Wellington, Ms. Koide consulted with Attorney Katherine Michon, Mr. Hannon's law partner, and thereby formed an attorney-client relationship with her. See Affidavit of Mina Koide, attached hereto at **Exhibit A**. Given that attorney-client relationship, Ms. Michon was required to keep any information Ms. Koide shared with her confidential. See Rule 1.6 of the Massachusetts Rules of Professional Conduct, "A lawyer shall not reveal confidential information relating to the representation of a client unless the client gives

4

informed consent." Ms. Koide did not give Ms. Michon consent to disclose confidential information. See Letter from Ms. Koide, attached hereto at **Exhibit B**.

Given the wide scope of Mr. Hannon's now expanded questioning, Ms. Koide has grave concerns that Ms. Michon disclosed confidential and privileged communications to Mr. Hannon and/or gave to Mr. Hannon advice based on knowledge she obtained from privileged communication with Ms. Koide. As Mr. Hannon did not seek to depose Ms. Koide at any point during discovery or even to speak with her (through counsel) at any time prior to this Court's statements at the summary judgment hearing in this matter that Ms. Chan's case was "extremely thin" and "weak" (see Dkt. No. 78), Ms. Koide has reasonably concluded that privileged/confidential information about her own claims was shared with Mr. Hannon as part of a last minute effort to bolster Ms. Chan's claims. Counsel cannot reveal client confidences and certainly cannot be permitted to use confidential/privileged information in this manner. Ms. Koide respectfully reiterates her request that the Subpoena be quashed in its entirety.

**B.       The Expanded Scope Of Ms. Koide's Testimony, To Include Her Entire Experience At Wellington, Is Not Relevant And Is Sought To Be Introduced Merely To Confuse Ms. Chan's Experience With Ms. Koide's**

As stated above, Ms. Koide maintains that even the limited testimony Mr. Hannon represented to undersigned counsel that he would be eliciting is utterly irrelevant to Ms. Chan's claims. Ms. Koide's entire time at Wellington, when her experience greatly and materially differed from Ms. Chan's experience, is not only irrelevant but completely unnecessary and prejudicial.

"[T]he proponent of the evidence must show that the individuals with whom [she] seeks to be compared have 'engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'"

5

*Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 751 (1st Cir. 1996) *quoting Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992).[2]  As detailed in Ms. Koide's prior motion, she did not work with Ms. Chan in any way.[3]  Furthermore, Ms. Koide's submission of her own discrimination complaint stands in stark contrast to Ms. Chan's "complaints."  On January 22, 2016, Ms. Koide submitted to Wellington a seven-page written discrimination complaint, explicitly laying out that disparate treatment that she was suffering in the terms and conditions of her employment.  See Ms. Koide's Superior Court Complaint, at Dkt. No. 85-1.  Wellington reacted with two simultaneous (deficient) investigations of the complaint and then terminated Ms. Koide without warning two months later, upon completion of those "investigations."  Id.

Ms. Chan, however, alleged that she made only vague, oral statements that at best obliquely reference protected categories.  See Ms. Chan's Interrogatory Response #7, Dkt. No. 85-3.  Ms. Chan's alleged statements also focus on disrespect and people talking down to her; an entirely separate basis from Ms. Koide who explicitly submitted a written complaint about disparate treatment in the terms and conditions of her employment.  Ms. Chan's alleged complaints were also made largely to Wellington personnel whom Ms. Koide did not know or interact with, *i.e.*, Ray Helfer or Greg Mattiko.  Ms. Chan's alleged complaints thus bear no resemblance to Ms. Koide's complaint.

---

[2] Ms. Koide notes, moreover, that Ms. Chan's Opposition completely fails even to address that "[c]oncern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing [discovery] needs." *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).  Given that Ms. Koide is not a party to this matter, she is entitled to special weight when assessing the burden imposed by her testimony.  As testimony on the entirety of Ms. Koide's experience at Wellington is unrelated to Ms. Chan's claims, the Subpoena should be quashed.

[3] Ms. Koide was a Portfolio Manager; Ms. Chan was not.  They worked in different countries.  And they targeted completely different markets.  Ms. Chan was also not terminated until September 12, 2017, over a year after Ms. Koide's summary termination in March 2016.  Ms. Koide was therefore not at Wellington for over a year before Ms. Chan's termination and thus has no information relevant to that issue.

Ms. Chan's intended use of Ms. Koide's testimony at trial therefore appears to be an attempt to confuse Ms. Koide's legitimate protected activity with her own limited (at best) allegations of disrespectful treatment. Citing *L'Etoile v. New Eng. Finish Sys., Inc.*, 575 F. Supp. 2d 331, 335 (D.N.H. 2008), Ms. Chan claims in her Opposition that Ms. Koide's expanded testimony here is relevant to her own claims. The Supreme Court has held that comparator evidence "is neither per se admissible nor per se inadmissible," however. *See Sprint/United Mgt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008). Courts must apply Rule 403 of the Federal Rules of Evidence to balance the probative value of any evidence with its prejudicial value. *Id.* at 388; *see also* F.R.E. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). By stating that Ms. Koide's testimony is "critical . . . for the jury to evaluate Defendants' state of mind" in her Opposition, it is apparent that Ms. Chan's aim is to present to her jury Ms. Koide's complaints in which there is clear written evidence of protected activities, in order to create a false impression in violation of F.R.E 403, that Ms. Chan was also engaging in protected activities. Indeed, rather than resembling Ms. Koide's situation, Ms. Chan's situation resembles that of Minerva Butler and John Keogh, two comparators referred to by Ms. Koide in ¶¶ 66-67 of her Superior Court complaint (Exhibit A of Plaintiff's Opposition to Ms. Koide's Motion to Quash) for the lenient treatment they received compared to Ms. Koide. Ms. Koide was terminated without any warning and without any opportunity to correct any alleged deficiencies. By comparison, Ms. Butler, Ms. Keogh, and Ms. Chan received explicit written warnings about their deficient conduct, and Ms. Butler, Mr. Keogh, and Ms. Chan were

7

all given ample opportunities to correct their deficiencies. Accordingly, on this basis as well Ms. Koide's expanded testimony must be excluded.

### C. Ms. Koide Will Suffer Substantial Prejudice If She Is Forced To Testify In This Case And Will Be Impermissibly Deprived Of Her Right To Be Represented By Counsel Absent A Protective Order

Finally, should the Court decline to grant Ms. Koide's Motion to Quash, Ms. Koide urges the Court to enter a protective order barring questioning into matters protected by the attorney-client privilege and permitting her to be represented by counsel during her trial testimony. Under Fed. R. Civ. P. 45(d)(3)(A)(iii), a court must modify a subpoena if it "requires disclosure of privileged or other protected matter," and even with regard to discovery, under Fed. R. Civ. P. 26(c)(1)(D), a party may, for good cause, seek a protective order from the Court "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Further, "Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. . . . The 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 402 (1st Cir. 2005).

As stated in Ms. Koide's original Motion, Ms. Koide's preparation of her MCAD Charge and Complaint are plainly protected by the work-product doctrine and attorney-client privilege respectively.[4] On this basis alone, a protective order to safeguard Ms. Koide's attorney-client communications is warranted, particularly in light of the now expanded scope of Ms. Koide's potential testimony. In addition and as also stated above, the same attorneys represent Wellington in the instant matter as in Ms. Koide's case in the Suffolk Superior Court. If Ms. Koide is forced to testify, she will be subject to cross-examination, now on the entirety of her

---

[4] The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. *Upjohn Co. v. United States*, 449 US 383, 389 (1981), citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev.1961).

experience at Wellington (which again is not relevant to Ms. Chan's claims) without being represented by counsel. Ms. Koide, who is not an attorney, would therefore be required to assert privilege in the appropriate circumstances without counsel present. This functionally provides Wellington with an end-run around Ms. Koide's right to an attorney regarding testimony covering the entirety of Ms. Koide's own claims. Thus, if the Court does not quash the Subpoena, Ms. Koide urges the Court to enter a protective order, barring questioning into the preparation of her several complaints, her communications with counsel, and/or her legal strategy in her case and permitting undersigned counsel to defend Ms. Koide during her testimony to protect her from improper questioning.

## CONCLUSION

In light of the now greatly expanded scope of Mr. Hannon's questioning of Ms. Koide, which she only became aware of when Mr. Hannon filed the Opposition to her Motion to Quash, Ms. Koide respectfully requests that the Court reconsider and grant her Motion to Quash. As it can be more than reasonably inferred that Mr. Hannon had inappropriate access to Ms. Koide's confidential consultation with his Partner, and Ms. Koide's expanded testimony is not relevant and would only serve to confuse the jury, the interests of justice strongly militate in favor of quashing the Subpoena in its entirety. In addition, given Ms. Koide's own litigation against Wellington, in which Wellington is represented by the very same counsel as in this matter, subjecting her to cross examination without her attorney would be highly prejudicial. Thus, to the extent the Court denies Ms. Koide's Motion to Quash, she urges, in the alternative, that the Court enter a protective order for Ms. Koide's testimony at trial as set forth above.

        Respectfully Submitted,
        Mina Koide

        By her attorneys,

        /s/ Patricia A. Washienko
        Patricia A. Washienko, BBO# 641615
        pwashienko@fwlawboston.com
        Brendan T. Sweeney, BBO# 703992
        bsweeney@fwlawboston.com
        FREIBERGER & WASHIENKO, LLC
        211 Congress St., STE 720
        Boston, MA  02110
        p:  617.723.0008  f:  617.723.0009

Dated: September 21, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 / 37.1

I hereby certify that I attempted to resolve this discovery issue by telephone conference with counsel, Mr. Patrick Hannon on September 21, 2021.  I was unable resolve this matter with Mr. Hannon as to the issues set forth above.

        /s/ Patricia A. Washienko
        Patricia A. Washienko, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ Patricia A. Washienko
        Patricia A. Washienko, Esq.