IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP and CHARLES ARGYLE<br><br>　　　　Defendants. | C.A. NO.: 1:19-cv-11605 |

## MOTION TO EXCLUDE CERTAIN EVIDENCE
## CONCERNING PLAINTIFF'S PRIOR EMPLOYMENT

Plaintiff, Gigi Kai Zi Chan, hereby moves to exclude certain evidence that Defendants apparently intend to offer at trial concerning the circumstances surrounding the termination of her prior employment. For the reasons that follow, the evidence is not admissible and should be excluded.

### BACKGROUND

Prior to being hired by Defendant, Plaintiff worked for nine years as a portfolio manager at a firm known as Threadneedle. Towards the end of her employment at Threadneedle, Plaintiff had a dispute with firm management over its directive to buy certain stocks. The dispute resulted in Plaintiff being suspended. Thereafter, Plaintiff and Threadneedle agreed to part ways and entered into a settlement agreement.

### ARGUMENT

The evidence concerning Plaintiff's suspension, subsequent settlement agreement, as well as any related evidence, is inadmissible for at least three reasons. First, the evidence is not relevant, as it would not make "the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Second, the evidence is inadmissible under 404(a), as it is being offered in the hopes that the jury will draw the improper (and unsupported) inference that Plaintiff has a propensity for engaging in workplace misconduct, and therefore is more likely to have done so while employed with Defendant. Third, even if the evidence had some probative value (which it does not) that probative value would be substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403.

Indeed, federal courts have consistently held that this exact sort of evidence is not admissible in employment discrimination cases. See e.g., E.E.O.C. v. HBE Corp., 135 F.3d 543, 553 (8th Cir. 1998) (affirming exclusion of evidence that the plaintiff "had stated on his employment application that he left his previous employer because his program had been terminated when in fact he left to avoid investigation of an affair with a subordinate employee"); Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1511-12 (D.C.Cir.1995) (holding that admission of the plaintiff's poor work performance at prior employer was an abuse of discretion); Zubulake v. UBS Warburg LLC, 382 F.Supp.2d 536, 539-44 (2005) (excluding evidence concerning the plaintiff's poor work performance at prior employer). These authorities are directly on point, and Defendants should be precluded from offering any evidence at trial concerning Plaintiff's suspension, subsequent settlement agreement, as well as any related evidence.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this motion be granted.

GIGI KAI ZI CHAN

By her attorneys,

*/s/ Patrick J. Hannon*
Patrick J. Hannon (BBO #664958)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
(617) 723-8000
Attorneys For Plaintiff

Dated: September 28, 2021

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that Plaintiff's counsel has conferred in good faith with Defendants' counsel on the issues set forth in the foregoing motion prior to bringing this motion.

/s/ *Patrick J. Hannon*
Patrick J. Hannon

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, certify that on this 28th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving their counsel of record.

/s/ *Patrick J. Hannon*
Patrick J. Hannon

3