# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GIGI KAI ZI CHAN

        Plaintiff,

        v.

WELLINGTON MANAGEMENT
COMPANY LLP AND CHARLES ARGYLE,

        Defendants.

Civil Action No. 19-cv-11605-WGY

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE FROM EVIDENCE THE STRAY REMARKS OF ANY PERSON WHO WAS NOT A DECISIONMAKER WITH RESPECT TO PLAINTIFF'S TERMINATION

Defendants Wellington Management Company LLP ("Wellington")[1] and Charles Argyle[2] ("Defendants") respectfully move *in limine* to preclude any evidence of allegedly discriminatory comments or opinions of any person who was not a decisionmaker with respect to Gigi Kai Zi Chan's ("Plaintiff") separation from Wellington. Even if the ambiguous statements of certain non-decisionmakers had been made, they are irrelevant on the only question before the jury: whether Wellington terminated Plaintiff in September 2017 for discriminatory or retaliatory reasons.

---

[1] Plaintiff was employed by Wellington Management Hong Kong ("WMHK"). However, Wellington is not contesting co-employment for purposes of this litigation.

[2] Charles Argyle timely moved for summary judgment on the only count asserted against him, Count 6, which purported to allege a cause of action for tortious interference. The Court ruled as follows: "As to Counts 5 and 6 the motions are allowed insofar as they are duplicative of dis-crimination counts, but to the extent there is evidence of tortious interference summary judgment is denied." See Dkt. No. 77.

## I.    RELEVANT FACTUAL BACKGROUND

Plaintiff commenced this lawsuit on July 24, 2019, claiming that her termination was discriminatory on the basis of her gender, race/national origin, disability/pregnancy, as well as in retaliation for purportedly complaining about her discriminatory treatment.[3]   In support of her claims, Plaintiff claims that a Wellington partner, Jean-Marc Berteaux, once said that Plaintiff was had been hired because she was "Chinese, but not too Chinese." and that Dan Maguire, also a Wellington partner, once said "China is full of crap."   Plaintiff did not identify Mr. Berteaux or Mr. Maguire in her initial disclosures as an individual likely to have discoverable information that she may use to support her claims.

## II.    ARGUMENT

### A.    The Alleged Remarks Are Irrelevant Stray Remarks And Are Not Evidence of Discrimination.

"Although statements directly related to the challenged employment action may be highly probative in the pretext inquiry, mere generalized 'stray remarks,' arguably probative of bias against a protected class, normally are not probative of pretext absent some discernible evidentiary basis for assessing their temporal and contextual relevance." *Straughn v. Delta Air Lines, Inc.,* 250 F.3d 23, 36 (1st Cir. 2001) (quoting *McMillan v. Massachusetts Soc'y for Prev. of Cruelty to Animals*, 140 F.3d 288, 301 (1st Cir. 1998)). It is therefore well-settled within this Circuit that stray remarks "cannot support an inference of pretext because it was one stray remark, and was made by a non-decision maker." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 178 (1st Cir. 2008) (citing *Velazquez-Fernandez v. NCE Foods, Inc.*, 476 F.3d 6, 11 (1st Cir. 2007); *Bonefont-Igaravidez v. Int'l Shipping Corp.*, 659 F.3d 120, 125 (1st Cir. 2011)

---

[3] The only adverse job action within the meaning of M.G.L. c. 151B to which Plaintiff was ever subjected and/or that occurred within the applicable limitations period of 300 days, was the termination of her employment on September 11, 2017.  See M.G.L. c. 151B, § 9.

(questioning whether remarks made by fellow employees were probative when there was no evidence that "decisionmakers made, or were even aware of, such comments at the time the decision to terminate was rendered"); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 69 (1st Cir. 2002) ("'stray workplace remarks,' as well as statements made either by nondecisionmakers or by decisionmakers not involved in the decisional process, normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus"); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 10 (1st Cir. 1990) ("the biases of one who neither makes nor influences the challenged personnel decision are not probative in an employment discrimination case"); *Mello v. Calais Reg'l Hosp.*, No. CIV. 99-0118-B, 2000 WL 762026, at *7 (D. Me. Mar. 8, 2000) (dismissing ADEA case and explaining that "the weight to be given age-related remarks is lessened where the remarks . . . 'were made by nondecisionmakers'" (citation omitted)).

This analysis is consistent with the weight of federal precedent, which mandates that testimony, even if arguably supportive of a claim of employment discrimination, should be precluded if it is provided by members of management or co-employees who did not directly evaluate the plaintiff's performance at the time an adverse employment action is taken, and did not participate in the decision to implement such an adverse action. *See Parker v. Verizon Pennsylvania, Inc*., 309 Fed. Appx. 551, 558-59 (3d Cir. Feb. 4, 2009) (discriminatory remarks made seven (7) months before termination, and not in connection with termination, were insufficient to support discrimination claim); *Bhatt v. Brownsville Gen. Hosp.*, 236 Fed. Appx. 764, 766 (3d Cir. Jun. 6, 2007) (holding that isolated stray remarks by non-decision makers were irrelevant and could not serve as evidence of discrimination); *Pivirotto v. Innovative Sys., In*c., 191 F.3d 344, 359 (3d Cir. 1999) ("[s]tray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made

temporally remote from the date of decision.") (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir.), *cert. denied*, 510 U.S. 826 (1993)).

The alleged statements relied upon by Plaintiff are textbook examples of stray remarks. The statement "China is full of crap" was allegedly made during a phone call in January 2015 which Plaintiff was asking a Wellington Partner, Dan Maguire, for advice about picking stocks in Japan.  According to Plaintiff's deposition testimony,

> He expressed frustration that someone who didn't experience in Japan could assume to pick stocks in Japan. I said to him that I understood that he might be frustrated, that I had been a China expert and often people come to me to ask for advice on an area of my expertise. And he replied that how could I possibly compare my experience to his because China was full of crap.

*See Transcript of the October 6, 2020 Deposition of Gigi Chan* (*Chan Depo.*), pp. 125-126, attached as <u>Exhibit A</u>.  This statement is, at best, ambiguous as to any bias and was made more than two years before Plaintiff's termination such that it is irrelevant.  *See Lehman v. Prudential Ins. Co. of Am.*, 74 F.3d 323, 329 (1st Cir. 1996) ("Isolated, ambiguous remarks are insufficient, by themselves, to prove discriminatory intent.").  To the extent any kind of discriminatory animus could be read into the statement, it was made by a Portfolio Manager on the Japan team. He was not a decisionmaker with respect to Plaintiff's termination, did not work in Hong where Plaintiff worked, and was not even a member of the EMO team with Plaintiff.

Similarly, the statement "Chinese but not too Chinese" was allegedly made by John-Marc Berteaux, the former Senior Manager of International Equities who departed Wellington in 2015. According to Plaintiff's deposition testimony, she understood the remark to be a comment on how well she spoke English.  *See Chan Depo.* p. 131.  To the extent any kind of discriminatory animus could be read into the statement, it was made a number of years before Plaintiff's

4

termination by a non-decisionmaker with respect to Plaintiff's supervision and eventual termination.

The alleged comments by non-decisionmakers at Wellington are nothing more than isolated stray remarks and cannot serve as evidence of discrimination. These remarks, even if they occurred, were made by individuals who had no input whatsoever in the decision to terminate Plaintiff's employment. Because these alleged remarks are mere stray remarks made by non-decision makers, not related to a decision regarding Plaintiff's employment, they should be excluded from evidence at trial and not given any consideration in this case.

**B.     Even If The Alleged Remarks Are Otherwise Relevant, They Must Be Excluded Under Fed. R. Evid. 403.**

Even if the above-described alleged remarks are deemed relevant to Plaintiff's gender, race, or pregnancy discrimination claims, which they are not, they still should be excluded from evidence because their probative value is far outweighed by their prejudicial effect. Rule 403 of the Federal Rules of Evidence provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The probative value of the stray remarks by non-decision makers, temporally remote, ambiguous and unrelated to Plaintiff's termination in September 2017, is substantially outweighed by the concrete and substantial risk of unfair prejudice to Defendants. Introduction of these remarks through Plaintiff's testimony about what another individual purportedly said are likely to evoke undue sympathy for Plaintiff and inevitably confuse the jury. Testimony from those individuals denying or contextualizing their statement would only serve to further confuse the jury about the issue to be decided. Moreover, even if this Court were to issue a limiting jury

instruction with regard to the alleged remarks, the jury still is likely to be misled into believing the "opinions" reflected in the alleged statements reflect a gender, race, or pregnancy bias adopted by Defendants, given the nature of the claims at trial. Therefore, the substantial risk of prejudice to Defendants outweighs any probative value of the remarks. Accordingly, the alleged stray remarks should be precluded from evidence at trial.

## III.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiff from introducing testimony, comments, and/or opinions of any person who was not a decision maker with respect to Plaintiff's termination.

<div style="margin-left:40%">

Respectfully Submitted,

WELLINGTON MANAGEMENT COMPANY
and CHARLES ARGYLE,

By their attorneys,

*/s/ Stephen T. Paterniti*
Stephen T. Paterniti, BBO# 564860
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts  02116
TELE: (617) 367-0025
FACSIMILE: (617) 367-2155

Beverly Garofalo
Admitted Pro Hac Vice
JACKSON LEWIS P.C.
90 State House Square
Hartford, Connecticut 06109
TELE:  (860) 331-1535
FACSIMILE: (860) 247-1330

</div>

Dated: September 28, 2021

## **CERTIFICATE OF SERVICE**

This hereby certifies that on September 28, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Stephen T. Paterniti*
Jackson Lewis P.C.

4846-8530-1500, v. 4