# EXHIBIT A

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GIGI KAI ZI CHAN,

        Plaintiff

vs.                    CA NO. 19-CV-11605-WGY

WELLINGTON MANAGEMENT COMPANY

LLP and CHARLES ARGYLE,

        Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEOTAPED DEPOSITION OF:

GIGI KAI ZI CHAN

(Taken Remotely)

375 Route de Prades

St. Geniez d'Olt, France

October 6, 2020          9:07 a.m.

Darlene M. Coppola

Registered Merit Reporter

Certified Realtime Reporter



Page 125

1     than seven figures US dollars, correct?
2          A.    That's not correct.
3          Q.    Tell me -- tell me what opportunities
4     you've pursued that are -- in which you've
5     been informed that the compensation would be
6     less than seven figures US dollars.
7          A.    For example, the opportunity at Q8
8     investment company was significantly below
9     that.
10         Q.    How much was that?
11         A.    That was in the region of 2-300,000 US
12    dollars.
13         Q.    You have, though, informed recruiters,
14    when inquiry is made, that if it's not a
15    seven-figure US dollars opportunity, then
16    you're not interested, correct?
17         A.    Correct.
18         Q.    And that's generally -- generally your
19    guideline, is it not?
20         A.    No, that's not.
21         Q.    It's not.
22               Why would you inform a recruiter that
23    you're not interested in any position unless
24    it's seven figures if that wasn't actually



Page 126

```
 1      your guideline that you were applying?
 2           A.    Because it depends on the opportunity
 3      being offered.
 4           Q.    I see.
 5                 MR. PATERNITI:  Let's take a
 6      look at -- this is an exhibit that's going to
 7      be marked as Exhibit 5 for the deposition.
 8
 9                 (Exhibit No. 5 marked for
10      identification.)
11
12      BY MR. PATERNITI:
13           Q.    Do you see it has it downloaded yet?
14           A.    It has downloaded, yes.
15           Q.    This is -- this is a November 2018
16      e-mail between you and Joanne Yu of Russell
17      Reynolds, correct?
18           A.    Correct.
19           Q.    At least the top e-mail is
20      communication between the two of you,
21      correct?
22           A.    Correct.
23           Q.    And she's a recruiter; is that
24      right?
```



Page 131

```
 1    BY MR. PATERNITI:
 2         Q.    Where was the location?
 3         A.    Shanghai.
 4         Q.    Okay.
 5         A.    And second, potential for growth.
 6         Q.    And what was the problem with the
 7    potential for growth in your eyes?
 8         A.    It was communicated that there would
 9    be not much growth in terms of assets to be
10    managed.
11         Q.    I'm sorry.  Bear with me.  I've gotten
12    things out of order here.
13               In your production, there is a quite a
14    bit of single-page e-mails or communications
15    through LinkedIn.
16               Was that your primary platform for job
17    search?
18         A.    I wouldn't say primary, no.
19         Q.    So what is it that you have done
20    exactly to search for a job since you left --
21    since September 2017?
22         A.    I've mapped out the market.
23         Q.    I'm sorry.  I'm sorry.  I missed that.
24               You did what?
```



```
                                                          Page 274
    1                         CERTIFICATION
    2            I, DARLENE M. COPPOLA, a Notary Public, do hereby
    3       certify that GIGI KAI ZI CHAN, appeared remotely on
    4       the 6th day of October, 2020, and was by me duly sworn
    5       to testify to the truth and nothing but the truth as
    6       to her knowledge touching and concerning the matters
    7       in controversy in this cause; that she was thereupon
    8       examined upon her oath and said examination reduced to
    9       writing by me; and that the statement is a true record
   10       of the testimony given by the witness, to the best of
   11       my knowledge and ability.
   12               I further certify that I am not a relative or
   13       employee of counsel/attorney for any of the parties,
   14       nor a relative or employee of such parties, nor am I
   15       financially interested in the outcome of the action.
   16            WITNESS MY HAND THIS 13th day of October, 2020.
   17
   18
   19
   20
   21       DARLENE M. COPPOLA              My commission expires:
   22       NOTARY PUBLIC                   November 11, 2022
   23       REGISTERED MERIT REPORTER
   24       CERTIFIED REALTIME REPORTER
```

