# EXHIBIT F

```
                                              Volume:  2

                                              Pages:   118-242

                                              Exhibits: None
```

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
GIGI KAI ZI CHAN,              )
              Plaintiff,       )
v.                             )   DOCKET NO.:  19-cv-11605
WELLINGTON MANAGEMENT          )
COMPANY, LLP, and CHARLES      )
ARGYLE,                        )
              Defendants       )
_____ )
```

VIDEOCONFERENCE DEPOSITION OF GREG MATTIKO

THIS DEPOSITION TAKEN REMOTELY VIA ZOOM, ON THURSDAY, OCTOBER 22, 2020, COMMENCING AT 6:07 P.M.

REPORTED BY: Sharon G. Saalfield, LCR No. 147, MA CSR, RDR, CRR



Page 183

```
 1           benchmark.  So, you could have alpha in a declining
 2           market as well as a rising market.
 3     Q.    And then taking that alpha, then there was a formula at
 4           Wellington that would determine the size of the incentive
 5           pool; is that right?
 6     A.    Correct.
 7     Q.    Besides alpha, were there any other metrics that
 8           determined the size of the incentive pool?
 9     A.    The two main components are the alpha and the revenue
10           base for that strategy.
11     Q.    Okay.  And you say "revenue base," does that mean assets
12           and management?  Does that mean fees generated?  What
13           does it mean?
14     A.    It means fees generated.  So, some clients pay sometimes
15           differentiated fees, so it takes each account and looks
16           at the fees that are generated on that account, and
17           that's the revenue associated with that particular
18           account.
19     Q.    Got it.  Okay.  And, so, I think you said earlier that
20           you would do your allocation twice a year; is that
21           right?
22     A.    Everyone does, yes.
23     Q.    Okay.  So would the incentive pool be established twice a
24           year?
```



```
                                                         Page 242
 1                    C E R T I F I C A T E
 2              I, Sharon G. Saalfield, a Licensed Shorthand
 3    Reporter for the State of New Hampshire, Certified Shorthand
 4    Reporter for the Commonwealth of Massachusetts, Registered
 5    Diplomate Reporter and Certified Realtime Reporter, do hereby
 6    certify that the foregoing is a true and accurate transcript
 7    of my stenographic notes of the proceeding taken at the place
 8    and on the date hereinbefore set forth to the best of my skill
 9    and ability under the conditions present at the time.
10              I further certify that I am neither attorney or
11    counsel for, nor related to or employed by any of the parties
12    to the action in which this proceeding was taken, and further
13    that I am not a relative or employee of any attorney or
14    counsel employed in this case, nor am I financially interested
15    in this action.
16              The foregoing certification of this transcript does
      not apply to any reproduction of the same by any means unless
17    under the direct control and/or direction of the certifying
      reporter.
18
19
20
21
22                              _____
                                Sharon G. Saalfield,
23                              NH Lic. No. 147, CSR, RDR, CRR
24
```

