**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

GIGI KAI ZI CHAN,

                        Plaintiff,

v.

                        Civil Action No. 19-cv-11605-WGY

WELLINGTON MANAGEMENT
COMPANY LLP and CHARLES
ARGYLE,

                        Defendants.

## DEFENDANTS' FIRST REQUEST FOR JURY INSTRUCTIONS

Pursuant to *Fed. R. Civ. P.* 51(b) and the Court's pre-trial order, Defendants Wellington Management Company LLP ("Wellington")[1] and Charles Argyle ("Defendants") respectfully request that the Court present the attached instructions to the jury at beginning of trial and then at the close of evidence presented in the trial of this action.  Defendants reserve their right to request additional instructions or to ask that certain instructions be revised or not be given depending on the evidence presented at trial.

---

[1] Plaintiff was employed by Wellington Management Hong Kong ("WMHK").  However, Wellington is not contesting co-employment for purposes of this litigation.

1

Respectfully Submitted,

WELLINGTON MANAGEMENT COMPANY
and CHARLES ARGYLE,

By their attorneys,

*/s/ Stephen T. Paterniti*
Stephen T. Paterniti, BBO# 564860
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts  02116
TELE: (617) 367-0025
FACSIMILE: (617) 367-2155

Beverly Garofalo
Admitted Pro Hac Vice
JACKSON LEWIS P.C.
90 State House Square
Hartford, Connecticut 06109
TELE:  (860) 331-1535
FACSIMILE: (860) 247-1330

Dated: October 10, 2021

2

**CERTIFICATE OF SERVICE**

This hereby certifies that on October 10, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Stephen T. Paterniti
Jackson Lewis P.C.

## INDEX OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1. General Instructions—Responsibilities as Jurors

2. General Instructions—Function Of The Jury

3. General Instructions—Publicity

4. General Instructions—Corporate Parties

5. General Instructions—Preponderance of the Evidence

6. General Instructions—What Is and What Is Not Evidence; Stipulated Facts

7. General Instructions—Direct and Circumstantial Evidence

8. General Instructions—Speculation

9. General Instructions—Credibility of Witnesses

10. Plaintiff's Gender, Race/National Origin, and Pregnancy Discrimination Claims—Burden of Proof Against Wellington

11. Plaintiff's Retaliation Claim Against Wellington

12. Plaintiff's Discrimination and Retaliation Claim Against Wellington—Motive, Intent, or State of Mind

13. Plaintiff's Discrimination and Retaliation Claim—Wellington's Non-Discriminatory/Non-Retaliatory Business Reason

14. Plaintiff's Discrimination and Retaliation Claim—Wellington's Business Judgment Not on Trial

15. Damages—Generally

16. Damages—Back Pay

17. Damages—Front Pay

18. Damages—Emotional Distress

19. Damages—Duty to Mitigate

20. Plaintiff's Tortious Interference Claim Against Charles Argyle

21. Tortious Interference Damages—Generally

## INSTRUCTION NO. 1

## GENERAL INSTRUCTIONS – Responsibilities as Jurors

Members of the jury, I will first explain your role and responsibilities as jurors. It is your duty as jurors to follow the law as stated in these instructions and to apply those rules of law to the facts as you find them from the evidence in the case.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law that is different from what I will give you, just as it would be a violation of your sworn duty - as judges of the facts presented at trial - to base a verdict on anything other than the evidence presented during the trial.

In deciding the facts of this case, you are not to be swayed by sympathy or emotion. You also should not be influenced by any claims or comments by counsel that are not warranted by the evidence. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. All parties to a civil lawsuit are entitled to a fair trial. You have been chosen to try the issues of fact and to reach a verdict based on the evidence or lack of evidence. If you let sympathy or emotions interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

My function as the trial judge in this case has been to see that this trial was conducted fairly, orderly, and efficiently.  It was also my responsibility to rule on what you may consider as evidence, and to instruct you upon the procedures and law which apply to this case.  If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion.  Some matters may take longer to explain, but that is not a guide to their relative importance and is not an indication that I have an opinion on any issue in this case.

**<u>Authority</u>**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 101.10, 103.01 (6th ed.) (modified).

## INSTRUCTION NO. 2

## GENERAL INSTRUCTIONS – Function of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this

case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**<u>Authority</u>**

<u>Modern Federal Jury Instructions-Civil</u>, 71.01 (Matthew Bender, 2021).

**INSTRUCTION NO. 3**

**GENERAL INSTRUCTIONS – Publicity**

There may be some media attention given to this case, or there may be some talk about it on the radio or television. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. So, when you leave here and go to your home and see something about the case on the internet, you must avoid it right away. Do not read the article.

I will also tell you to avoid listening to or watching any radio or television discussion of the case.

**Authority**

Modern Federal Jury Instructions-Civil, 71.12(Matthew Bender, 2021).

## **INSTRUCTION NO. 4**

## **GENERAL INSTRUCTIONS – Corporate Parties**

In this case, one of the defendants is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

### **Authority**

Modern Federal Jury Instructions-Civil, 72.01 (Matthew Bender, 2021).

## INSTRUCTION NO. 5

## GENERAL INSTRUCTIONS – Burden of Proof

This is a civil case and as such the plaintiff has the burden of proving the allegations of her complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant. In a civil action such as this, the plaintiff bears the burden of proving every essential element of her claim by a fair preponderance of the credible evidence.

There is one exception to this general rule.  The defendants have raised an affirmative defense that the plaintiff failed to mitigate her damages by finding new employment after she was terminated.  In this regard, the burden is upon the defendant to establish this affirmative defense by a preponderance of the evidence.  If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should not award any damages to the plaintiff which were caused by her failure to mitigate.

## Authority

Modern Federal Jury Instructions-Civil, 73.01 (Matthew Bender, 2021).

## <u>INSTRUCTION NO. 6</u>

## <u>GENERAL INSTRUCTIONS – Preponderance of the Evidence</u>

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## <u>Authority</u>

<u>Modern Federal Jury Instructions-Civil</u>, 73.02 (Matthew Bender, 2021)

## INSTRUCTION NO. 7

## GENERAL INSTRUCTIONS – What Is and What Is Not Evidence; Stipulated Facts

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop abusing your wife?" You would not be permitted to consider as true the assumed fact that he ever abused his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had abused his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.  Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The lawyers for the parties have agreed to a number of facts to simply this trial. I will now read you those stipulated facts:

**Stipulated Facts**

The plaintiff and the defendants have agreed, or stipulated, that

1.      Wellington is a private, independent investment management firm with client assets under management totaling over $1 trillion. The Firm serves as investment advisor to over 2,200 institutions in over 60 countries.

2.      Wellington Management has more than 6 employees and is a covered employer under the Massachusetts Fair Employment Practices Act ("Chapter 151B").

3.      Wellington's investment professionals manage assets for institutional clients both regionally and globally, and conduct research that is used by portfolio managers and analysts across Wellington Management locations.

4.      Wellington owes a fiduciary duty to its institutional clients.

5.      The plaintiff is a female of Chinese descent and a citizen of the United Kingdom.

6.      In June 2014, the plaintiff commenced employment with Wellington in Hong Kong as an Equity Research Analyst in Wellington's Global Equities Portfolio Management group ("GEPM").

7.     The plaintiff was initially assigned to the Emerging Markets Opportunities ("EMO") team led by portfolio manager Greg Mattiko. Philip Fan was also a research analyst on the EMO team.

8.     The plaintiff informed Mr. Mattiko she was pregnant on or about August 3, 2016.

9.     The plaintiff met with Mr. Argyle and Mr. Baxter in Hong Kong on November 2, 2016, to deliver year-end feedback.

10.     Mr. Argyle sent an email to the plaintiff on November 22, 2016 as a follow-up to the November 2, 2016 meeting with the plaintiff.

11.     Mr. Mattiko met with the plaintiff in Hong Kong on or about May 31, 2017.

12.     The plaintiff was notified of her termination on September 12, 2017.

### **Authority**

Modern Federal Jury Instructions-Civil, 74.01 (Matthew Bender, 2021)

15

## INSTRUCTION NO. 8

## GENERAL INSTRUCTIONS – Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his or her own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

16

**<u>Authority</u>**

<u>Modern Federal Jury Instructions-Civil</u>, 74.02 (Matthew Bender, 2021)

## INSTRUCTION NO. 9

## GENERAL INSTRUCTIONS – Speculation

In determining the facts of this case do not engage in any form of speculation whatsoever.

In particular:

- Do not speculate about why witnesses were not called.

- Do not speculate about what a witness would have said if that person were called to testify.

- Do not draw any negative inferences against a party for not calling a witness.

- Do not speculate about why objections by counsel were raised, why the court either overruled or sustained the objections, and what the witness might have said if permitted to answer.

- Do not speculate about the contents of sidebar discussions between the court and counsel.  Such conferences always involve legal issues which the jury need not and should not concern itself with.

- Do not speculate about any other claims which the plaintiff may have had against any other party or person.

- If a witness does not testify on a particular matter due to an assertion of privilege, do not speculate about what the testimony might have been or draw negative inferences against the witness for not testifying.

If you do engage in speculation of any sort or in any respect, you are likely to "guess wrong"; and in any event, you would not be affording the parties a fair trial.  Remember that any form of speculation would be highly improper, most certainly incorrect, and likely to produce a miscarriage of justice.

## Authority

Massachusetts Superior Court Civil Practice Jury Instructions § 1.2.9 (2016 ed.).

<u>**INSTRUCTION NO. 10**</u>

<u>**GENERAL INSTRUCTIONS – Credibility Of Witnesses**</u>

It will be your duty to decide any disputed questions of fact.  You will have to determine which witnesses to believe, and how much weight to give their testimony.  You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive.  You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies**.**

You may believe everything a witness says, or only part of it or none of it.  If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did ***not*** happen.  When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue**.**

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life.  Often it may not be ***what*** a witness says, but ***how*** they say it that might give you a clue whether or not to accept their version of an event as believable.  You may consider a witness's character, their appearance and demeanor on the witness stand, their frankness or lack of frankness in testifying, whether their testimony is reasonable or unreasonable, probable or improbable.  You may take into account how good an opportunity they had to observe the facts about which they testified, the degree of intelligence they show, whether their memory seems accurate**.**

You may also consider their motive for testifying, whether they display any bias in testifying, and whether or not they have any interest in the outcome of the case**.**

You are to use all of your common sense, experience, and good judgment in evaluating the

evidence**.**

The fact that a witness may have some interest in the outcome of this case does not mean that the witness is not trying to tell you the truth as that witness recalls it or believes it to be.  But the witness's interest is a factor that you may consider along with all the other factors**.**

The weight of the evidence on each side does not necessarily depend on the number of witnesses testifying for one side or the other.  You are going to have to determine the credibility of each witness who has testified, and then reach a verdict based on all the believable evidence in the case.  You may come to the conclusion that the testimony of a smaller number of witnesses concerning some fact is more believable than the testimony of a larger number of witnesses to the contrary**.**

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony**.**

Innocent mistakes of memory do happen – sometimes people forget things, or get confused, or remember an event differently.  In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods**.**

When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from their present testimony at trial.  It is for you to say how significant any difference is.  The earlier statement is ***not*** itself evidence of any fact that is mentioned in it**.**

To repeat, if a witness's earlier statement is not consistent with their present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand.  The prior statement is relevant ***only*** as to the witness's

credibility, and you may ***not*** take it as proof of any fact contained in it**.**

<u>**Authority**</u>

<u>Massachusetts Superior Court Civil Practice Jury Instructions</u> § 1.2.8 (2016 ed.).

## INSTRUCTION NO. 11

### PLAINTIFF'S DISCRIMINATION CLAIMS - Burden of Proof Against Wellington

The plaintiff is a former employee of Wellington.  The plaintiff claims that Wellington terminated her employment on account of her gender, her race/national origin, and/or her pregnancy.

In order to prevail on a claim for discriminatory discharge, the plaintiff must prove to you by a preponderance of the credible evidence that Wellington intended to discriminate against her and that discriminatory animus was the "but for" or "determinative" cause of its decision to terminate her employment.  The discriminatory animus was "determinative" if it was a material and important reason that Wellington terminated the plaintiff's employment.  In other word, but for Wellington's discriminatory motive, it would not have terminated the plaintiff's employment.

### Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.2.1 (2016 ed.); Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 50 N.E.3d 778 (2016); Lipchitz v. Raytheon Co., 434 Mass. 493, 504, 751 N.E.2d 360 (2001).

### INSTRUCTION NO. 12

### PLAINTIFF'S RETALIATION CLAIM

The plaintiff claims that Wellington retaliated against her because she complained about being discriminated against.  In order to recover, the plaintiff must prove to you by a preponderance of the evidence the following elements:

1.       the plaintiff reasonably and in good faith believed that Wellington had engaged in unlawful discrimination against her based on her gender and/or her race/national origin;

2.       the plaintiff engaged in protected activity by complaining of such alleged discriminatory treatment based on her gender and/or her race/national origin; and

3.       Wellington's retaliatory motive was a "but for" or "determinative" factor in its decision to terminate the plaintiff's employment.  The retaliatory animus was "determinative" if it was a material and important reason that Wellington terminated the plaintiff's employment.  In other word, but for Wellington's retaliatory motive, it would not have terminated the plaintiff's employment.

### Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.2.9 (2016 ed.); G.L. c. 151B, §§ 4(4), 4(4A); Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 405 (2016); Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 683 (2016); Lipchitz v. Raytheon Co., 434 Mass. 493, 504, 751 N.E.2d 360 (2001).

<u>INSTRUCTION NO. 13</u>

<u>PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS - Motive, Intent, or State of Mind</u>

In this case, one critical issue is why Wellington terminated the plaintiff's employment.  It is not unlawful to discharge a person for legitimate performance concerns, regardless of his or her gender, race, and/or pregnancy status.  It is unlawful to discharge a person because of the individual's gender, race/national origin, pregnancy, or for complaining of discrimination.  To decide this case, you will have to inquire into and determine Wellington's motive, intent, or state of mind.

(a)  *Direct Evidence*

Sometimes motive, intent, or state of mind can be proved directly. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Examples of direct evidence include: statements of a person involved in the decision to terminate the plaintiff's employment that suggest a discriminatory or non-discriminatory attitude towards women or individuals of Chinese descent; testimony of a witness describing what his state of mind was when considering whether to terminate the plaintiff's employment; or testimony of a witness about what a person involved in the decision to terminate the plaintiff's employment said that would be reflective of his state of mind.

(b)  *Circumstantial Evidence*

Motive, intent, or state of mind may be proved indirectly or circumstantially. You may examine Wellington's actions and words, and all of the surrounding circumstances, to help you determine what Wellington's motive, intent, or state of mind was when it terminated her employment.

The law does not dictate any distinction between the weight to be given direct or

circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need only be reasonable; it need not be the only one possible**.**  At the same time, remember that you should not speculate if a reasonable interference cannot be drawn from the evidence.

### Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.2.2 (2016 ed.); Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34 (2005); Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 399-400 (2016); Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 686 (2016); Lipchitz v. Raytheon Co., 434 Mass. 493, 503-04 (2001).

## INSTRUCTION NO. 14

## PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS – Wellington's Business Judgment Not On Trial

Wellington's business judgment is not on trial in this action.  Even if you believe Wellington made a wrong business judgment in terminating the plaintiff's employment, or if you feel you would have taken different actions under similar circumstances, you cannot find in favor of the plaintiff.

You must be persuaded that the plaintiff has proved, by a preponderance of the evidence, that the reason given by Wellington terminating the plaintiff's employment was not only false but also that the true reason was discrimination or retaliation.

Your focus must be on Wellington's motivation, *not* on its business judgment.  In weighing the evidence and evaluating the motives of Wellington's witnesses who explained its reasons for their actions, the law requires that the perception of the individuals who made such decisions must be given great weight.  On the other hand, the plaintiff's opinion or perception of her performance or qualifications is entitled to relatively little weight.  She was not the decision-maker.  Even if you determine that the plaintiff was treated unfairly, that would not by itself establish discrimination or retaliation by Wellington.  An employer has the right to manage its employees as it sees fits in order to run its business, provided its actions are not based on discrimination or retaliation.  Your role is not to second guess the wisdom of Wellington's business judgment or to substitute your own business judgment for its judgment.

## Authority

Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 39-40 (2005); Matthews v. Ocean Spray, 426 Mass. 122, 127 (1997); Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991), cert denied, 112 S. Ct. 2965 (1992); Keeler v. Putman Fiduciary Trust Co., 238 F.3d 5, 12-13 (1st Cir. 2001); Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991), cert denied, 112 S. Ct. 2965 (1992).

## INSTRUCTION NO. 15

## DAMAGES GENERALLY

If the plaintiff has proven to you that Wellington unlawfully terminated her employment, then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

If you find that Wellington is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate her for any injury proximately caused by the plaintiff's termination.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate her for the damage suffered. I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by her termination. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound

discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Except where I instruct you otherwise, the plaintiff bears the burden of proof on damages. If you find that Wellington unlawfully discriminated or retaliated against the plaintiff, then you may award damages in the following areas:

1.      back pay,

2.      front pay, and

3.      emotional distress.

I will explain each to you.

## Authority

Modern Federal Jury Instructions-Civil, 77.01, 03 (Matthew Bender, 2021); Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.1; Stonehill Coll. v. MCAD, 441 Mass. 576 (2004)

**INSTRUCTION NO. 16**

**BACK PAY DAMAGES**

If you find that the plaintiff has met her burden to prove that Wellington unlawfully terminated plaintiff's employment based on her gender, her race/national origin, her pregnancy or in retaliation for making a reasonable, good faith complaint of discrimination, she may recover back pay, which is the amount of the plaintiff's lost earnings from the date her termination until today.  This includes all lost salary, bonuses, the value of employment benefits, and health insurance benefits that would have accumulated but for Wellington's discriminatory or retaliatory conduct, less any compensation or benefits received from alternative employment or income, if any.

**Authority**

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.2; DeRoche v. MCAD, 447 Mass. 1 (2006); Conway v. Electro Switch Corp., 402 Mass. 385, 388-89 (1988).

## INSTRUCTION NO. 17

## FRONT PAY

If you find that plaintiff has met her burden to prove that Wellington unlawfully terminated plaintiff's employment based on her gender, her race, her pregnancy or in retaliation for making a reasonable, good faith complaint of discrimination, then you may award the plaintiff front pay, which is the amount of damages resulting from the loss of future earnings and benefits that are attributable to the employer's misconduct.  You are not required to award front pay and you cannot speculate in awarding front pay; rather, the determination of the amount of the award must be proven with reasonable certainty.  You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and the value of benefits that the plaintiff would have received but for Wellington's unlawful discrimination or retaliation.

In determining front pay, you should consider and weigh the following factors:

1.  the amount of earnings, including salary and benefits, that the plaintiff probably would have received between now and the date you believe plaintiff will obtain future employment or, if you find that she will never obtain future employment, then through the date of her projected retirement date;

2.  the date plaintiff will obtain future employment or her probable date of retirement;

3.  the amount of earnings that the plaintiff probably will receive from another employer until her retirement;

4.  the availability of other employment opportunities; and

5.  the possibility of inflation and wage increases in the future.

(a) *Reducing Front Pay to Present Value*

If you award damages to the plaintiff for losses she will suffer in the future, keep in mind that a plaintiff cannot be awarded damages that overcompensate the losses that she suffered because of Wellington's conduct.  In order to avoid overpaying the plaintiff, you must consider that the amount of money you give the plaintiff today for future losses can be put in the bank, where it can earn interest.  So, in making an award for future damages, you must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide the plaintiff with the amount of money that you calculated she will lose in the future as a result of Wellington's conduct.

## Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.3; Selmark Assocs. v. Ehrlich, 467 Mass. 525, 545 n.36 (2014); Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 102-03 (2009); Conway v. Electro Switch Corp., 402 Mass. 385, 388-89 (1988); Ventresco v. Liberty Mut. Ins. Co., 55 Mass. App. Ct. 201, 210 (2002); Handrahan v. Red Roof Inns, Inc., 48 Mass. App. Ct. 901, 902 (1999).

## INSTRUCTION NO. 18

## EMOTIONAL DISTRESS DAMAGES

If you find that plaintiff met her burden to prove that Wellington unlawfully terminated plaintiff's employment on account of her gender, her race/national origin and/or her pregnancy or in retaliation for making reasonable, good faith complaints about discrimination, you may also award her reasonable damages for her emotional distress resulting from her termination. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the termination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. An award must rest on substantial evidence and its factual basis must be made clear on the record.

Some factors that you should consider include, but are not limited to:

      1.     the nature and character of the alleged harm;

      2.      the severity of the harm;

      3.     the length of time the complainant has suffered and reasonably expects to suffer; and

      4.     whether the plaintiff has attempted to mitigate the harm (e.g., by counseling or by taking medication).

In addition, the plaintiff must show a causal connection between Wellington's unlawful discriminatory or retaliatory termination and the plaintiff's emotional distress. Emotional distress existing from circumstances other than the termination, or from a condition existing prior to the unlawful act is not compensable.

## Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.4; Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 192 (2016); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997); Smith v. Bell Atl., 63 Mass. App. Ct. 702, 710 (2005); Stonehill Coll. v. MCAD, 441 Mass. 576 (2004).

## INSTRUCTION NO. 19

## DUTY TO MITIGATE

If you find Wellington is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort. Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on the plaintiff a duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

It is Wellington's burden to prove to you that the plaintiff failed in her duty to mitigate her economic damages by seeking other employment. Wellington meets this burden if it has proved to you that:

1.      one or more discoverable opportunities for comparable employment were available to the plaintiff in a location at least as convenient as the place of former employment;

2.      the plaintiff unreasonably made insufficient efforts or no efforts to apply for any such job; and

3.      it was reasonably likely that the plaintiff would have obtained one of those comparable jobs if she made sufficient efforts.

A comparable job is one that offers similar compensation, long-term benefits, opportunities for promotion,  and job responsibilities. The duty of mitigation does not require the plaintiff to go into another line of work or accept a demotion.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the

mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce the plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

### Authority

Modern Federal Jury Instructions-Civil, 77.07 (Matthew Bender, 2021); Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.2; Sheriff of Suffolk County v. Jail Officers & Employees, 465 Mass. 584, 592 (2013); Conway v. Electro Switch Corp., 402 Mass. 385, 389 (1988)

## INSTRUCTION NO. 20

## TORTIOUS INTERFERENCE-Generally

The plaintiff claims in this case that it had an employment contract with Wellington, and that the Charles Argyle improperly interfered with Wellington's performance of its obligations under this contract.

In order to prevail on this claim of improper interference with a contractual relationship, the plaintiff must prove by a preponderance of the evidence that:

1.  the plaintiff had an advantageous employment relationship with Wellington;

2.  Mr. Argyle intentionally induced or persuaded Wellington to break that advantageous employment relationship;

3.  Mr. Argyle's interference with Wellington's advantageous employment relationship with the plaintiff was improper in motive or in means; and

4.  the plaintiff was harmed by Mr. Argyle's actions.

Moreover, because Mr. Argyle was a corporate official acting within the scope of his corporate responsibilities, the plaintiff has a heightened burden of showing the improper motive or means constitute "actual malice," which is a spiteful, malignant purpose, unrelated to the legitimate corporate interest.

The plaintiff must also prove that the malice is not merely that Argyle acted with a discriminatory or retaliatory motive when he decided to terminate the plaintiff's employment, but that he acted for purely personal reasons and contrary to his responsibilities at Wellington.

### Authority

Massachusetts Superior Court Civil Practice Jury Instructions, § 12.4.1; Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 663 n.3 (1981); Shea v. Emmanuel Coll., 425 Mass. 761, 764 (1997); Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 474 Mass. 382, 415 (2016)

36

## INSTRUCTION NO. 21

## TORTIOUS INTERFERENCE- Damages

If you find that the plaintiff has met her burden to prove that Mr. Argyle tortious interfered with her relationship with Wellington, the plaintiff may recover damages for her economic losses, foreseeable consequential economic losses, and foreseeable emotional distress.  You can only award damages for emotional distress if you find that the plaintiff has suffered an economic loss as a result of Mr. Argyle's conduct.  The plaintiff also has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, any damages under this cause of action.

## Authority

Cachopa v. Town of Stoughton, 72 Mass. App. Ct. 657, 664 (2008)

4810-6986-3934, v. 1

37