**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GIGI KAI ZI CHAN, <br>            Plaintiff, <br><br> v. <br><br> WELLINGTON MANAGEMENT COMPANY LLP and CHARLES ARGYLE, <br>            Defendants. | Civil Action No. 19-cv-11605-WGY |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO ADMIT DOCUMENTARY EVIDENCE OF PLAINTIFF'S PERFORMANCE TO SUPPORT ITS LEGITIMATE, NON-DISCRIMINIATORY REASONS FOR TAKING ADVERSE ACTION

Defendants Wellington Management Company LLP ("Wellington") and Charles Argyle, respectfully submit this memorandum of law in support of their motion *in limine* to admit documentary evidence of Plaintiff's  poor performance because this evidence clearly supports its legitimate, non-discriminatory reasons terminating Plaintiff's employment.

I.     **BACKGROUND**

To prevail on her claims of discrimination at trial, at a minimum, Plaintiff Gigi Chan will need to prove by a preponderance of the evidence that Wellington manufactured pretextual or false reasons for that termination to mask unlawful discrimination.  Wellington, in turn, will present testimony and documentary evidence demonstrating its sincerely held belief that Plaintiff's performance failed to meet its expectations after ample notice and opportunity to improve. Plaintiff has objected to numerous of the documents Wellington seeks to offer – particularly emails -- on hearsay grounds.

Although the ultimate decision-maker, Charles Argyle, lived in the United States and communicated with Plaintiff only a few times annually,  throughout Plaintiff's approximately three

years of employment, he received significant feedback from others about Plaintiff's day-to-day performance and interactions. Under Chapter 151B, it does not matter if Mr. Argyle and others were right or wrong in their assessments. All that matter is whether they believed them to be so.

As will be shown at trial, there was not one single incident that precipitated the termination decision. Rather, over time, feedback received by Mr. Argyle coupled with his own personal observations painted a picture of an employee who was not meeting expectations despite notice and opportunity to do so. This, in turn, led Mr. Argyle to conclude in June 2017 that Plaintiff's termination was necessary. At trial, through testimony and contemporaneous documentation, Wellington will draw a straight line of performance themes starting with written feedback during the initial interviews and continuing through to termination. With limited exception, the authors of these emails will testify at trial and can be cross-examined on their state of mind and their perceptions as reflected in the emails.

Under the law of this Circuit, the state of mind of a plaintiff employee's colleagues and superiors as reflected in the documentary evidence is both relevant and admissible as non-hearsay. If this significant evidence were improperly excluded as hearsay, a jury may wrongly infer that the employer, in fact, had no bases at the time for its perceptions and beliefs about a plaintiff's underperformance – that this is an after-the-fact justification. As discussed below, the First Circuit has held that out-of-court statements such as those Wellington intends to offer to supplement its testimonial evidence, are not offered for the truth of the matter asserted, but to show that Plaintiff's colleagues and superiors did, in fact, hold certain beliefs about the Plaintiff's performance and the reasons therefore.

## II.     ARGUMENT

### A.     <u>An Employer's Legitimate, Non-Discriminatory Reason Need Only be Genuinely Held</u>

An employer can rebut any inference of discrimination by offering lawful reasons for taking adverse action. <u>Abramian v. President & Fellows of Harvard College</u>, 432 Mass. 107, 116 (2000).  An employer's burden in offering a legitimate, nondiscriminatory reason is "not meant to be onerous." <u>Yee v. Massachusetts State Police</u>, 481 Mass. 290, 302 (2019). Indeed, even if the reason given for a decision are "unsound," "arbitrary," "unwise," or "even absurd," the employer has fulfilled its obligation. <u>Matthews v. Ocean Spray Cranberries</u>, 426 Mass. 122, 128 (1997).

Employers may rely on different forms of documentary evidence to support their legitimate, non-discriminatory reason. <u>See</u>, <u>e.g.</u>, <u>Ruiz v. Posadas De San Juan Assocs.</u>, 124 F.3d 243, 248 (1st Cir. 1997) ("undisputed documentary evidence that [plaintiff] had received more disciplinary warnings, and the lowest average evaluation ratings . . . ."); <u>Tsai v. McDonald</u>, No. 15-11676-MBB, 2017 U.S. Dist. LEXIS 130280, at *17-18 (D. Mass. Aug. 16, 2017) ("emails and email chains that include and summarize complaints about plaintiff's work performance"); <u>Ray v. Ropes & Gray LLP</u>, 961 F. Supp. 2d 344, 354-55 (D. Mass. 2013) ("written evaluations of [plaintiff's] work"); <u>Myers v. Cont'l Cas. Co.</u>, No. 06-10018-DPW, 2007 U.S. Dist. LEXIS 32633, at *18-20 (D. Mass. May 3, 2007) ("improvement plans, along with email messages, file evaluations, and an affidavit to support its legitimate business reason for terminating [plaintiff]"); <u>Gilbert v. Essex Grp.</u>, Civil No. 93-256-JD, 1995 U.S. Dist. LEXIS 16256, at *18-19 (D.N.H. Oct. 31, 1995) ("defendant's written evaluation of plaintiff's job performance"); <u>Blare v. Husky Injection Molding Sys. Bos.</u>, 419 Mass. 437, 446-47, 646 N.E.2d 111, 117-18 (1995) ("written notices for quality and attendance infractions against [plaintiff]").

3

Importantly, what is at issue in a discrimination cause is not the accuracy or soundness of the employer's stated reason for terminating an employee, but whether the employer <u>believed</u> the reason to be true.  <u>See</u>, <u>e.g.</u>, <u>Velez v. Thermo King de Puerto Rico</u>, 585 F.3d 441, 445 n. 1 (1st Cir. 2009) (observing that "the relevant question in this case is not whether [defendant] was correct that [plaintiff] had violated rules, but whether that perceived violation was the reason [defendant] fired him").  Thus, "[w]hen assessing a claim of pretext in an employment discrimination case, an inquiring court must focus on the motivations and perceptions of the actual decisionmaker." <u>Bennett v. Saint-Gobain Corp.</u>, 507 F.3d 23, 31 (1st Cir. 2007) (citation omitted).

## B.  <u>Documentary Evidence Offered to Show the Employer's Belief About the Plaintiff's Performance is Not Hearsay</u>

Courts in this Circuit have readily held that in discrimination cases, when documentation -- including emails -- is offered to show the bases of the employer's <u>beliefs</u> about the plaintiff's performance, it <u>is not hearsay</u> because it is not offered for the truth of the matter asserted. <u>See</u> <u>Ramirez Rodriguez v. Boehringer Ingelheim Pharm., Inc.</u>, 425 F.3d 67, 77 (1st Cir. 2005).  The plaintiff employee in <u>Boehringer</u> sought to exclude as hearsay a sales data report and written statements of three physicians demonstrating that plaintiff had engaged in improper sampling practices in violation of the employer's policies.  <u>Id.</u> at 76.  The employer, in turn, argued these documents "show that this was the information defendant had before it and that defendant considered this information when it made its decision to terminate plaintiff's employment." <u>Id.</u> at 77.  The First Circuit agreed with the employer, holding that "the report and physician statements were not offered to prove that [plaintiff] engaged in misconduct, but rather to demonstrate that his superiors had reason, based on a thorough investigation, <u>to believe</u> that he had." <u>Id.</u> (emphasis added).

4

Similarly, in <u>Xiaoyan Tang v. Citizens Bank, N.A.</u>, 821 F.3d 206, 221 n.15 (1st Cir. 2016), the First Circuit rejected claims by the plaintiff employee that emails reflecting her poor performance were inadmissible hearsay.  Citing <u>Boehringer</u>, the Court held that "these emails were not admitted to demonstrate that [plaintiff] was a poor performer, but that those in charge of hiring decisions at Citizens <u>had reason to believe</u> that she was." <u>Id.</u> (emphasis added). The Court explained that these emails were relevant to establish the employer's beliefs leading to the termination decision, and they were not used to establish the plaintiff's actual (lackluster) performance. <u>See id.</u> The Court also explained that these emails were "addressed to . . . a human resources employee, [who] presumably would be involved in a decision to terminate an employee." <u>Id.</u>

District courts within this Circuit have followed this precedent in holding that documentary evidence of poor performance or misconduct reflecting the decision-maker's state of mind is not hearsay.  For example, in <u>Tsai v. McDonald</u>, No. 15-11676-MBB, 2017 U.S. Dist. LEXIS 130280, at *8 n.8 (D. Mass. Aug. 16, 2017), the defendant employer sought to introduce emails of the plaintiff employee's "summaries and incidents of plaintiff's mistakes and performance deficiencies reported by coworkers." <u>Id.</u> at *34.  The trial court rejected the plaintiff's claims of hearsay, holding that the evidence was not offered for the truth of the matters asserted. Rather, it was offered as non-hearsay evidence to demonstrate that the decisionmakers involved with the plaintiff's termination "had reason to believe plaintiff . . . made mistakes thus supporting an absence of pretext and discriminatory animus." <u>Id.</u> at *35. These emails were not used to show that plaintiff had <u>actually</u> made the mistakes. <u>Id.</u>  Notably, the trial court observed that, although "the emails themselves were not the basis for the termination . . . they did <u>provide reason for</u> <u>[defendant] to believe</u> that plaintiff had performance deficiencies, which, in turn, was the basis for

the termination." Id. at *8 n.8 (emphasis added);see also Quezada v. City of Providence, 2021 U.S. Dist. LEXIS 59385, at *11 n.1 (D.R.I. Mar. 29, 2021) ("In analyzing the facts present here, the Court reviews the information decision-makers received as reflective of their reasoning for suspending Plaintiff, rather than for the truth of the matter asserted."); González-Santiago v. Baxter Healthcare S.A., 2021 U.S. Dist. LEXIS 61512, at *21 n.18 (D.P.R. Mar. 29, 2021) (overruling hearsay objection when "this [email] was addressed to a decisionmaker, who considered that information as part of the decisionmaking process, thus making the statement relevant for the non-hearsay purpose of evaluating her motivation or state of mind"); Serrano v. Donahoe, 2014 U.S. Dist. LEXIS 141566, at *23-24 (D.P.R. Sep. 30, 2014) (holding that "[a]n out-of-court statement is not hearsay when used to show motive or state of mind . . . the objected to email confirms why [defendant] made the decision that [plaintiff] has challenged, reflecting [defendant's] state of mind").

## CONCLUSION

Consistent with the reasoning of the aforementioned cases within this Circuit, emails and other documentary evidence is admissible to show what Wellington's decision-makers believed about Plaintiff's performance during her tenure at Wellington which, in turn, led ultimately to the decision to terminate her performance.

Respectfully Submitted,

WELLINGTON MANAGEMENT COMPANY
and CHARLES ARGYLE,

By their attorneys,

*/s/ Stephen T. Paterniti*
Stephen T. Paterniti, BBO# 564860
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts  02116
TELE: (617) 367-0025
FACSIMILE: (617) 367-2155

Beverly Garofalo
Admitted Pro Hac Vice
JACKSON LEWIS P.C.
90 State House Square
Hartford, Connecticut 06109
TELE:  (860) 331-1535
FACSIMILE: (860) 247-1330

Dated: October 11, 2021

## **CERTIFICATE OF SERVICE**

This hereby certifies that on October 11, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Stephen T. Paterniti*
Jackson Lewis P.C.

4819-3758-4381, v. 3