UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GIGI KAI ZI CHAN,

      Plaintiff,

      v.

WELLINGTON MANAGEMENT COMPANY LLP
and CHARLES ARGYLE,

      Defendants.

Civil Action No: 1:19-CV-11605-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION IN LIMINE
(DOC. 96) "TO PRECLUDE COMPARISON EVIDENCE REGARDING THE
TREATMENT OF NON-SIMILARLY SITUATED WELLINGTON EMPLOYEES"**

      Wellington's second motion in limine seeks to exclude evidence of discrimination experienced by Ms. Chan that is directly relevant to her protected activity, as well as to demonstrating that Wellington's stated reasons for her termination were pretextual. Wellington's arguments for exclusion rely on an artificially cramped view of the issues to which this evidence is relevant, and on inapposite case law. This motion should be denied.

      As an initial matter, the motion is so poorly defined that it is difficult to understand what relief is sought. The request to exclude evidence of the "treatment of other Wellington employees not similarly situated to [Ms. Chan]" is untenably vague, and the Court ought to deny the motion for that reason alone.

      Turning to the merits, Ms. Chan does anticipate offering evidence that she was subjected to discriminatory treatment with respect to the timing and circumstances of launching her China Growth Fund after starting at Wellington, and other events, as compared to other investors who were male and/or not Asian or of Chinese descent. Wellington appears to suggest that this evidence is only relevant if offered to prove a single, narrowly defined issue, such as pay discrimination or

to prove discrimination by circumstantial "comparator" evidence. The standard for relevancy is not so cramped. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In re Pub. Offering PLE Antitrust Litig., 233 F.R.D. 70, 78 (D. Mass. 2006) (Young, J.) (citing Fed. R. Evid. 401).

Here, evidence of the discrimination Ms. Chan experienced is relevant to her protected activity for her retaliation claim—indeed, some of the events Wellington describes (such as Ms. Chan's treatment at the Asian Philosophy and Process Panel) first led her to engage in key moments of protected activity such as reporting discrimination to the Managing Partners of Wellington. Ms. Chan's retaliation claim involves a burden to show she opposed discrimination reasonably and in good faith. The evidence of the discrimination about which Ms. Chan complained, plainly, is relevant to that issue.

Ms. Chan may also offer evidence of an atmosphere of discrimination at Wellington to demonstrate that Wellington's stated reasons for terminating her employment were pretextual. See, e.g., Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 686 (2016) ("While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against an individual plaintiff, such evidence does tend to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff") (quoting Conway v. Electro Switch Corp., 825 F.2d 593, 597 (1st Cir.1987)); Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 767 (1986) ("the employer's general practice and policies concerning employment of racial minorities"); Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 297–98 (1991) ("hiring and discharge patterns, other acts of discrimination") (citing Smith Coll. v. Massachusetts Comm'n Against Discrimination, 376 Mass. 221, 228 (1978)).

To the extent Wellington argues that certain persons are not fair comparators, then (1) that argument is only relevant to the extent Ms. Chan offers the evidence for that purpose. It is simply wrong to suggest evidence can only be relevant to one issue. To the extent Ms. Chan does offer evidence for that purpose, (2) Wellington's argument improperly asks the Court to make factual findings here on a motion in limine. It is not proper to ask a Court to resolve factual questions, or to weigh the sufficiency of the evidence, in a motion in limine. Graves v. D.C., 850 F. Supp. 2d 6, 11 (D.D.C. 2011). For example, the evidence at trial is expected to show that Ms. Chan was a portfolio manager by virtue of having launched her China Growth Fund. This Court is not in a position to rule on the factual question of Ms. Chan's title.[1] Nor is the Court in a position based on the bare assertions in Wellington's brief (Doc. 97 at 7) to decide how similar the China Growth Fund was to the China Contrarian Fund, or Emerging Markets Opportunities Fund, or otherwise. Such disputes belong in front of the jury, who can determine if the evidence fairly suggests discrimination.

Wellington's remaining Rule 403 argument is meritless. It is not unfairly prejudicial to present evidence of Wellington's discriminatory treatment of Ms. Chan that led her to complain about discrimination and which typifies the discriminatory atmosphere at Wellington. Those are some of the principal facts giving rise to this dispute and cannot now be somehow characterized as "unfair" to present to the jury at the eleventh hour. The Court will instruct the jury on the law and on what claims are at issue.

---

[1] Wellington correctly notes that Ms. Chan was required to participate in the Asian Philosophy and Process Panel despite having already been a portfolio manager at her previous job. To the extent the panel was required of investors who had not previously managed money "at Wellington," that is Ms. Chan's point—she was required to participate in such panel whereas before, similarly situated males who had managed money at another employer but not at Wellington were not required to present to a philosophy and process panel before being permitted to launch a fund.

## Conclusion

Defendants' second motion in limine should be denied.

Respectfully submitted,

*/s/  Hampton M. Watson*

Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
(617) 723-8000
Attorneys for Plaintiff

Date: October 11, 2021

## CERTIFICATE OF SERVICE

I, Hampton M. Watson, counsel for Plaintiff, hereby certify that on October 11, 2021, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

*/s/  Hampton M. Watson*

Hampton M. Watson