UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GIGI KAI ZI CHAN,

    Plaintiff,

    v.

WELLINGTON MANAGEMENT COMPANY LLP,
and CHARLES ARGYLE,

    Defendants.

Civil Action No: 1:19-CV-11605-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' THIRD MOTION IN LIMINE (DOC. 99) "TO PRECLUDE EVIDENCE OF THE COMPENSATION OF ANY WELLINGTON EMPLOYEE OTHER THAN THE PLAINTIFF"**

Wellington's third motion in limine (Doc. 99) seeks to exclude evidence of the compensation of *anyone else at Wellington* besides Ms. Chan. That evidence has obvious and vital relevance to the question of Ms. Chan's back-pay and front-pay damages, as well as Wellington's discriminatory animus and Ms. Chan's reasonable and good-faith belief in discrimination. This motion should be denied.

    **I.**     **Evidence of Others' Compensation is Obviously Relevant.**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In re Pub. Offering PLE Antitrust Litig., 233 F.R.D. 70, 78 (D. Mass. 2006) (Young, J.) (citing Fed. R. Evid. 401). Here, there are at least four facts of consequence on which the evidence of other Wellington employees' compensation has bearing.

First, Ms. Chan seeks back-pay and front-pay damages in this case. Evidence of how and at what level other Wellington employees have been compensated is relevant to how much Ms.

Chan would have been compensated through the date of trial[1] and thereafter[2] had she not been fired. For example, Ms. Chan expects to present evidence, including testimony from her expert witness, Frank Carr, concerning incentive compensation[3] earned by other Wellington investors who shared certain relevant similar characteristics to Ms. Chan, such as having managed a fund previous to their employment at Wellington that was launched as a new Wellington product after their arrival. This evidence is not necessarily offered to show Ms. Chan would have received exactly the same compensation amounts as the other investors received, but rather to demonstrate the mechanics of how incentive compensation works at Wellington, and how much Ms. Chan would have likely received if she achieved certain fund sizes and achieved certain levels of "alpha" in her investments. Similarly, evidence of the "corporate bonus" received by other employees in conjunction with incentive compensation and base salary is relevant to demonstrating how much "corporate bonus" Ms. Chan might have continued to receive.

Second, the evidence is relevant to Ms. Chan's retaliation claim, for which she must show she held a reasonable, good-faith belief that her employer's actions were discriminatory. Ms. Chan expects to present evidence that she complained to supervisors at Wellington that she experienced delays or obstacles in her path to launching her China Growth Fund, that other similarly situated investors who were not Asian females of Chinese descent did not have to experience. The reasonableness of this complaint is better understood if Ms. Chan can present evidence of how managing a fund affects an investor's compensation—Ms. Chan was not simply complaining about "delay," but about acts that directly affected her compensation as compared to similarly situated

---

[1] See Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 496 n.25 (2000) (back pay).

[2] Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 102–03 (2009) (front pay).

[3] Wellington's brief (Doc. 100) labels this incentive compensation "discretionary," which is a misrepresentation.

investors outside her protected classes who more quickly began to realize incentive compensation pay.

Third, relatedly, Ms. Chan is entitled to offer evidence of other discriminatory acts by Wellington as evidence that Wellington's reasons for terminating her employment were pretexts for discrimination. Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 297–98 (1991) ("hiring and discharge patterns, other acts of discrimination") (citing Smith Coll. v. Massachusetts Comm'n Against Discrimination, 376 Mass. 221, 228 (1978)); Diaz v. Jiten Hotel Mgmt., Inc., 762 F. Supp. 2d 319, 337 (D. Mass. 2011) (noting that statements made in the workplace may be used to demonstrate an environment that "may be hostile in itself or an environment in which discriminatory employment decisions are made and tolerated"); Blare v. Husky Injection Molding Sys. Bos., Inc., 419 Mass. 437, 447 (1995) (citing Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 767 (1986)); Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 400 (2016) ("there is evidence that women at the firm, and in the ELB section in particular, were subject to discriminatory treatment. . . . 'evidence which may be relevant to the plaintiff's showing of pretext may include the employer's general practice and policies concerning' other members of protected class").

Fourth, Wellington mentions a discussion from the expert report of Ms. Chan's damages expert, Frank Carr, about the compensation of Wellington partner Nicholas Adams as reported in Adams v. Adams, 459 Mass. 361 (2011). This evidence is relevant for the limited purpose for which it is offered, which is not to prove Ms. Chan would have made partner or would have been similarly compensated, but simply to confirm that Mr. Carr's projections of Ms. Chan's lost compensation are not unreasonably high. See Doc. 106-5 at 17-18.

**II.     Wellington's Arguments Miss the Mark.**

Wellington's arguments for why the evidence should not be admitted are unavailing. First, evidence need not concern a "similarly situated" employee to be relevant, as Wellington claims. Merely presenting the compensation amounts of someone else who was paid more, or less, than Ms. Chan does not mean Ms. Chan is claiming she would or should have been paid those amounts. As discussed above there are a large number of issues to which the compensation of other Wellington employees is relevant.

Second, Wellington's legal discussion about "similarly situated" employees comes from an inapposite body of case law regarding how similar an employee must be to be used as a "comparator" for proving discrimination by circumstantial evidence, as when one of two similarly situated employees receives less favorable treatment due to membership in a protected class. Here, Ms. Chan is not offering compensation evidence for that purpose. Moreover, to the extent Ms. Chan does offer evidence to prove that her compensation would be at the same level as another comparator, the comparator employee need only be arguably equivalent. Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 954 (1st Cir. 1995).

Finally, Wellington's Rule 403 argument fails for several reasons. The "deep pockets" of Wellington, first of all, are not the same thing as the compensation paid to individual employees—and it is not clear what relevance Wellington's case law concerning the financial resources of the company have to the relief sought in this motion.[4] In any event, any "prejudice" is not unfair and at most cuts both ways. This case involves a cast of witnesses who were all highly compensated, and Ms. Chan is equally susceptible to any bias against highly compensated persons as is anyone else at Wellington. There is no *unfair* prejudice in offering evidence to demonstrate the

---

[4] Wellington's financial resources are relevant to punitive damages. Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 110–11 (2009).

compensation levels one could expect at Wellington if one were not the victim of discrimination or retaliation, which helps to prove Ms. Chan's compensable losses.

### III. Conclusion

Wellington's third motion in limine (Doc. 99) should be denied.

Respectfully submitted,

*/s/  Hampton M. Watson*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
(617) 723-8000
Attorneys for Plaintiff

Date: October 11, 2021

### CERTIFICATE OF SERVICE

I, Hampton M. Watson, counsel for Plaintiff, hereby certify that on October 11, 2021, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

*/s/  Hampton M. Watson*
Hampton M. Watson
