UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GIGI KAI ZI CHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP,<br>and CHARLES ARGYLE,<br><br>    Defendants. | Civil Action No: 1:19-CV-11605-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE (DOC. 94) "TO EXCLUDE TESTIMONY THAT PLAINTIFF EXPERIENCED EMOTIONAL DISTRESS RELATED TO HER EMPLOYMENT AT WELLINGTON PRIOR TO HER TERMINATION"**

Defendants' first motion in limine (ECF Doc. 94) is meritless. Even if Plaintiff is ultimately barred from seeking <u>damages</u> for acts of discrimination or retaliation prior to the date of her termination, that does not mean evidence of events that occurred prior to that date is <u>irrelevant</u>.[1] <u>Shervin v. Partners Healthcare Sys., Inc.</u>, 804 F.3d 23, 48 (1st Cir. 2015) (evidence of time-barred conduct may be presented for purposes such as "motive, intent, or context"). The evidence in question is relevant, for at least two reasons, and is not unduly prejudicial.

    **I.**    **The Emotional Distress Evidence in Question is Relevant.**

First, Ms. Chan's state of mind in response to earlier events of discrimination is directly relevant to her retaliation claim, which requires her to establish that she reasonably and in good faith believed that her employer was engaging in wrongful discrimination. <u>Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.</u>, 474 Mass. 382, 405 (2016). Ms. Chan is entitled to

---

[1] Defendants' motion (ECF Doc. 94) seeks only the exclusion of evidence. It is not an appropriate vehicle to request any definitive ruling on limitations issues, and Defendants do not make any such request in their motion. The Court should therefore defer any ruling on that issue.

offer testimony as to her emotional distress because that evidence makes it more likely that she acted reasonably in opposing the conduct that she believed to be discriminatory. See In re Pub. Offering PLE Antitrust Litig., 233 F.R.D. 70, 78 (D. Mass. 2006) (Young, J.) (relevant evidence under Fed. R. Evid. 401 is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

Second, even assuming Ms. Chan cannot recover damages for pre-termination adverse job actions, she is still entitled to introduce "background evidence" that has bearing on her claims that her termination was discriminatory and retaliatory. Shervin, 804 F.3d at 48 (background evidence may be admitted to show "motive, intent, or context"); see also Malone v. Lockheed Martin Corp., 610 F.3d 16, 22 (1st Cir. 2010) (background evidence may be used "to show that discriminatory animus motivated the acts that occurred within the statute of limitations"); Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination, 441 Mass. 632, 647 (2004) (background evidence may be used as evidence of a hostile work environment, or "to determine whether subsequent actions by the employee should be understood as requests for accommodation, and whether the employer's response to a subsequent request meets the "employer's obligation to participate in the interactive process."); Shervin v. Partners Healthcare Sys., Inc., 2 F. Supp. 3d 50, 71 n.10 (D. Mass. 2014), aff'd, 804 F.3d 23 (1st Cir. 2015) ("while the Defendants may not be found liable for conduct outside the limitations period, a jury may still be permitted to consider untimely 'background evidence' in assessing the viability of the actionable discrimination and retaliation claims").

Here, Ms. Chan's emotional distress following her experiences of discrimination is highly relevant context for her discrimination and retaliation claims concerning her termination. For

instance, this contextual evidence helps to show why Ms. Chan engaged in protected activity following her experiences of discriminatory conduct. The evidence will also inform the jury's assessment of Defendants' reaction to Ms. Chan's protected activities, as Defendants were well aware of Ms. Chan's distress and observed her break down in tears on multiple occasions. The evidence may also tend to demonstrate that Defendants knew that further discriminating and retaliating against Ms. Chan was sure to cause significant added emotional distress, which is a factor the jury can consider in assessing punitive damages. Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 111 (2009) ("whether the defendant was aware that the discriminatory conduct would likely cause serious harm, or recklessly disregarded the likelihood that serious harm would arise"). These issues are not exhaustive.

## II. The Evidence is not Prejudicial.

Finally, the evidence in question will not cause such undue prejudice as warrants exclusion under Fed. R. Evid. 403. Rule 403 only permits exclusion of evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice.

Here, a jury is perfectly capable of distinguishing between events that occur before or after a certain date when assessing the amount of emotional distress damages to award Ms. Chan. See Shervin, 804 F.3d at 47–48 (affirming District Court's instructions to jury that untimely events could not be considered for liability). That exercise is neither confusing nor prejudicial.

## III. Conclusion

Defendants' first Motion in Limine (Doc. 94) should be denied.

3

        Respectfully submitted,

        */s/   Hampton M. Watson*
        Patrick J. Hannon (BBO #664958)
        Hampton M. Watson (BBO #705983)
        Hartley Michon Robb Hannon LLP
        155 Seaport Boulevard, 2nd Floor
        Boston, MA 02210
        phannon@hmrhlaw.com
        hwatson@hmrhlaw.com
        (617) 723-8000
        Attorneys for Plaintiff

Date: October 11, 2021

## CERTIFICATE OF SERVICE

    I, Hampton M. Watson, counsel for Plaintiff, hereby certify that on October 11, 2021, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

        */s/   Hampton M. Watson*
        Hampton M. Watson