UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP, and CHARLES ARGYLE,<br><br>    Defendants. | Civil Action No: 1:19-CV-11605-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SEVENTH MOTION IN LIMINE (DOC. 107) "TO EXCLUDE TESTIMONY THAT PLAINTIFF'S MISCARRIAGES WERE CAUSALLY RELATED TO HER EMPLOYMENT AT WELLINGTON"**

Defendants' seventh motion in limine (ECF Doc. 107) goes too far. Ms. Chan is willing to stipulate that she cannot give an expert opinion as to the cause or etiology of her miscarriages[1] and is willing not to testify as to specific causation. But to preclude *any mention* of her miscarriages would be unnecessary overreach, and would blot out crucial factual context that the jury is entitled to consider.

**I.    Defendants Fail to Clarify the Relief Sought.**

As an initial matter, Defendants' motion fails clearly to specify the relief it seeks. The title of the motion refers only to the very narrow issue of ***medical causation***, i.e., "testimony that Plaintiff's miscarriages were **causally related** to her employment at Wellington" (emphasis added). ECF Docs. 107 & 108 at 1; see also Conclusion to Def. Mem. (ECF Doc. 108) at 4 ("testimony by Plaintiff concerning the **alleged cause** of her miscarriages") (emphasis added). To the extent the motion is strictly limited precluding Ms. Chan from testifying that Wellington caused

---

[1] Plaintiff so stated in the Interrogatory Answer cited by Defendants. See ECF Doc. 108-1 at 20 (Interrog. Ans. 17).

her miscarriages, she does not oppose it. Yet in the introduction of Defendants' Motion (Doc. 107) and brief in support (Doc. 108) this balloons into something different and far broader: "**any evidence of any miscarriages** Plaintiff had during (or after) her employment at Wellington" (emphasis added). This latter portion is inappropriate and unwarranted.

## II. For the Reasons Expressed in Plaintiff's Opposition to Defendants' First Motion in Limine, the Evidence at Issue is Relevant and not Unduly Prejudicial.

Defendants indicate that this motion is merely a supplement to Defendants' first motion in limine (Doc. 94). See Def. Mem. (ECF Doc. 108) at 2. For similar reasons to those expressed in Ms. Chan's opposition to that motion, evidence of Ms. Chan's miscarriages (and other emotional distress she underwent during the time period of much of her protected activity) should not be excluded.

First, on prejudice, the miscarriages at issue occurred prior to Plaintiff's termination. As stated in Plaintiff's opposition to Defendants' first motion in limine, the jury is perfectly capable of distinguishing between events that occur before or after a particular date, such as the date of Plaintiff's termination, when assessing Plaintiff's emotional distress damages. Cf. Shervin v. Partners Health Sys., Inc., 804 F.3d 23, 47–48 (1st Cir. 2015) (affirming District Court's instructions to jury that untimely events could not be considered for liability). Any "prejudice" that would result from describing events prior to a limitations date (if one applies) would consequently be minimal. Further, Rule 403 only protects parties "against unfair prejudice, not against all prejudice." United States v. Gentles, 619 F.3d 75, 87 (1st Cir. 2010).

Second, the facts that (1) Plaintiff suffered several miscarriages and (2) believed them to be related to stress from her work at Wellington are relevant background evidence. Among other things, these facts may help demonstrate that Ms. Chan believed in good faith that she was suffering from discriminatory harm at the time of her opposition to discrimination, or support the

2

reasonableness of her protected activity. Ms. Chan's miscarriages also provide key context to assess the reasonableness of her complaints, including her state of mind during the fateful November 2016 conversation with Charles Argyle.

### III.     Conclusion

Plaintiff does not oppose the limited relief referred to <u>in the title</u> of Defendants' seventh Motion in Limine (Doc. 107), but it should otherwise be denied.

Respectfully submitted,

*/s/  Hampton M. Watson*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
(617) 723-8000
Attorneys for Plaintiff

Date: October 11, 2021

### CERTIFICATE OF SERVICE

I, Hampton M. Watson, counsel for Plaintiff, hereby certify that on October 11, 2021, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

*/s/  Hampton M. Watson*
Hampton M. Watson