UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GIGI KAI ZI CHAN,

    Plaintiff,

    v.

WELLINGTON MANAGEMENT COMPANY LLP,
and CHARLES ARGYLE,

    Defendants.

Civil Action No: 1:19-CV-11605-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIFTH
MOTION IN LIMINE (DOC. 103) "TO PRECLUDE MINA KOIDE
FROM TESTIFYING OR ANY EVIDENCE REGARDING HER CLAIMS"**

Defendants' motion to exclude Ms. Koide as a witness at trial should be denied.

    I.    <u>Ms. Koide Was Properly and Timely Disclosed as a Potential Witness</u>

Defendants' assertion that they received "late and deficient notice of Ms. Koide as a trial witness" is demonstrably false. Plaintiff's counsel did not learn of Ms. Koide's complaints until Charles Argyle disclosed their existence during the course of his deposition testimony on October 28, 2020. That same day, at 6:43 pm (less than 1.5 hours after Mr. Argyle's deposition concluded), undersigned sent Defendants' counsel the email attached hereto as Exhibit A. The email, which attached a copy of Ms. Koide's Superior Court complaint, reads:

> *This shall serve as a supplementation to Ms. Chan's Initial Disclosures.*
>
> *In addition to the witnesses previously identified, Ms. Chan may also rely upon Mina Koide in support of her claims. We expect Ms. Koide has knowledge of the discriminatory and retaliatory atmosphere at Wellington, including but not limited to the facts set forth in the attached complaint.*
>
> *Ms. Koide may be contacted through her cpounsel [sic].*

Accordingly, Defendants' assertion that Ms. Koide was not properly disclosed as a witness is simply untrue.[1]

So too is Defendants' assertion that they did not have an opportunity to conduct discovery concerning Ms. Koide's claims. Indeed, at the time Ms. Koide was identified as a potential witness, the parties were actively discussing an extension of the fact discovery deadline. Those discussions resulted in a joint motion, filed by Defendants' counsel on November 2, 2020 (Doc. No. 43), which requested an end date for fact discovery of November 23, 2020. Had Defendants felt they needed additional time to conduct discovery concerning Ms. Koide's claims, they could have requested additional time to do so.

But there's more. In anticipation of the Court granting the parties' joint motion, Defendants served an additional round of written discovery on November 2, 2020. Despite having been on notice for several days that Ms. Koide was a potential witness, none of those discovery requests concerned Ms. Koide. Further, while Defendants complain that they have not conducted Ms. Koide's deposition yet in her Superior Court action, that matter has been pending since November 15, 2018. Accordingly, Defendants have had ample opportunity to conduct discovery concerning Ms. Koide's claims.

II.     Ms. Koide and Plaintiff Were Similarly Situated in all Relevant Respects

As noted in prior briefing, "[t]here is substantial precedent—including from the First Circuit—recognizing that evidence of an employer's treatment of other employees of the same protected class as the plaintiff is admissible, under Rule 404(b) of the Federal Rules of Evidence, on the question of whether the employer acted with the prohibited discriminatory intent in its

---

[1] There was no need for Plaintiff to separately amend her interrogatory answer on the same subject, as her interrogatory answer had explicitly incorporated her initial disclosures by reference.

actions toward the plaintiff." L'Etoile v. New England Finish Sys., Inc., 575 F. Supp. 2d 331, 335 (D.N.H. 2008) (citing Cummings v. Std. Register Co., 265 F.3d 56, 63 (1st Cir.2001); Brown v. Trs. of Boston Univ., 891 F.2d 337, 349–50 (1st Cir.1989); Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1286 (11th Cir.2008); Ansell v. Green Acres Contracting Co., 347 F.3d 515, 520–25 (3d Cir.2003); Heyne v. Caruso, 69 F.3d 1475, 1479 (9th Cir.1995); Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990); Elion v. Jackson, 544 F.Supp.2d 1, 8–9 (D.D.C.2008); Zubulake v. UBS Warburg LLC, 382 F.Supp.2d 536, 544 (S.D.N.Y.2005)); see also Calobrisi v. Booz Allen Hamilton, Inc., 660 F. App'x 207, 209–10 (4th Cir. 2016) ("As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent.") (quoting Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990)). In determining the admissibility of such evidence, courts typically consider "whether the other discriminatory behavior described is close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." Calobrisi, 660 F. App'x at 209–10.

As previously noted, each of these factors weigh heavily in favor of admissibility. Like Ms. Chan, the gravamen of Ms. Koide's complaint pertains to events occurring in 2015 and 2016. Koide Charge, ¶¶ 25-68.[2] Further, both Ms. Chan and Ms. Koide complained about this disparate treatment to the same person—Wellington's then-CEO Brendan Swords—at roughly the same

---

[2] Defendants' misleadingly point to the fact that Ms. Chan's employment was terminated in September 2017 to suggest that "there is a significant temporal disparity between the claims." Defendants' fail to disclose, however, that the decision to terminate Ms. Chan's employment was made in early June 2017, shortly after she had returned from maternity leave, and that Ms. Chan's protected conduct is alleged to have occurred predominantly before she went on maternity leave at the end of 2016.

time, with Ms. Chan complaining in December 2015 and Ms. Koide complaining in January 2016. Compare Koide Charge, ¶ 40 with Plaintiff's Interrogatory Answers, p. 12. As noted in Ms. Koide's motion to quash, there was no coordination between Ms. Koide and Ms. Chan in bringing these complaints forward—they were simply experiencing similar treatment at the same time.

Second, Ms. Koide's allegations also involve the same decision-makers. Indeed, Ms. Koide and Ms. Chan were supervised by the exact same group of individuals—Tom Baxter, Charles Argyle, and Brendan Swords.

Third, the evidence will show that Ms. Koide and Ms. Chan were treated in a similar manner. As noted above, Ms. Koide alleges that she was treated less favorably than her male, predominantly white, colleagues with respect to various conditions of her employment, including "disparate allocation of marketing resources, disparate allocation of assets under management, [and] denials of promotion and professional development." The evidence will show that Ms. Chan experienced similar disparate treatment with respect to the launch of her China Growth Fund and Wellington's refusal to permit Ms. Chan to pursue other advantageous opportunities. Further, like Ms. Koide, Ms. Chan alleges that she suffered retaliation—including the termination of her employment—as a consequence of bringing her complaints forward.

Fourth, while no two employees are ever exactly the same, the evidence will show that Ms. Koide and Ms. Chan were similarly situated in every material way. While Ms. Chan was originally hired as an Equity Research Analyst, by July 2016 her fund had officially launched and she had become a Portfolio Manager. Further, while Ms. Koide and Ms. Chan sat in different offices, they reported through the exact same management team. Likewise, while they were of different national origin—Ms. Koide is of Japanese descent, Ms. Chan Chinese—they shared the status of being Asian females, which was in sharp contrast to the Western European, white men who comprised

4

the vast majority of Wellington's partnership. In short, whatever differences may exist between Ms. Koide and Ms. Chan are not so great as to render this evidence irrelevant.

Lastly, Ms. Koide's testimony is particularly relevant because it is anticipated that Defendants will claim at trial that they did not understand Plaintiff's complaints about her working conditions to be related to any alleged racial or sex discrimination. Evidence of Ms. Koide's complaints is critical to assessing the validity of that claim, as it provides important context for the jury to evaluate Defendants' state of mind at the time it was receiving and responding to Ms. Chan's continued complaints throughout 2016.

### III. Defendants Have not Demonstrated any Risk of Undue Prejudice

The laundry list of alleged concerns raised by Defendants in support of their undue prejudice argument is badly overstated, and falls far short of demonstrating that the evidence should be excluded under Rule 403. Indeed, much of the concerns cited by Defendants—such as the risk of "mini-trials"—has been present in every case where such "other acts" evidence has ever been admitted. As the Supreme Court explained in Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008), any exclusion of such evidence under Rule 403 "requires a fact-intensive, context-specific inquiry."

Here, the only facts or context cited by Defendants in their 403 argument are (1) that Ms. Koide's Charge was dismissed by the MCAD and (2) that the Court will be required to make rulings concerning the admissibility of this evidence "on the fly." But as reflected in Exhibit B, the MCAD administrative determination was not a judgment on the merits and did not purport to absolve Wellington of any wrongdoing. Further, with respect to the latter concern about "on the fly" rulings, that is precisely the role anticipated by the Supreme Court's Mendelsohn decision,

which noted that Rule 403 requires an "on-the-spot balancing of probative value and prejudice."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. at 384.

## CONCLUSION

Defendants' sixth Motion in Limine (Doc. 105) should be denied.

Respectfully submitted,

*/s/  Patrick J. Hannon*
Patrick J. Hannon (BBO #664958)
Hampton M. Watson (BBO #705983)
Hartley Michon Robb Hannon LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
phannon@hmrhlaw.com
hwatson@hmrhlaw.com
(617) 723-8000
Attorneys for Plaintiff

Date: October 12, 2021

## CERTIFICATE OF SERVICE

I, Patrick J. Hannon, counsel for Plaintiff, hereby certify that on October 12, 2021, I caused a copy of the within document to be filed using the Court's CM/ECF system, which will send notification of such filing electronically to all registered participants.

*/s/  Patrick J. Hannon*
Patrick J. Hannon