UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN,<br><br>      Plaintiff,<br><br>v.<br><br>WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE<br><br>      Defendants. | Civ. Action No. 19-cv-11605-WGY |

### NON-PARTY WITNESS MINA KOIDE'S SECOND / RENEWED MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 16, 2021 ORDER DENYING HER MOTION TO QUASH TRIAL SUBPOENA AND/OR FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

In the Joint Pretrial Memorandum filed in this matter on September 27, 2021 (Document No. 92), Defendants' counsel informed the Court that they intended to file a Motion in Limine to Preclude the Testimony of Mina Koide ("Motion in Limine"). In that document, Defendants *for the first time* reserved the right to introduce additional, unspecified documentary evidence, not previously disclosed, *about Koide* against the backdrop of her litigation against Wellington pending in Massachusetts Superior Court, in the event this Court denied Defendants' Motion in Limine. (See Joint Pretrial Memorandum, page 12.)

Based on Defendants' reservation of rights to introduce additional, unspecified evidence about Koide in the trial of the instant matter, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Koide submits this second / renewed Motion for Reconsideration of the Court's decision denying her Motion to Quash and/or for Protective Order. For the reasons set out below, Koide's second / renewed Motion to Quash should be granted. In the alternative, should the Court

decline to grant Koide's Motion, then pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure, Koide again respectfully requests that the Court enter a protective order permitting undersigned counsel to defend Koide during her testimony.

## BACKGROUND

As the Court is aware, on August 11, 2021, Ms. Chan served on Koide a Trial Subpoena to testify in the instant matter (the "Subpoena").  On August 25, 2021, Koide moved to quash that Subpoena on the grounds that, among things, it placed an undue burden on her, a non-party witness.[1]  On September 15, 2021, Plaintiff filed an Opposition to Koide's Motion, and actually *expanded* the scope of her proposed areas of questioning upon Ms. Koide to: "(1) *the treatment she experienced at Wellington*, (2) the complaints she made to Wellington and the MCAD about that treatment, and (3) the actions that Wellington took in response to her complaints." (Document No. 85.)  The following day, September 16, 2021, before Koide had the opportunity to respond to the additional areas of proposed examination, the Court entered an electronic order denying Koide's Motion to Quash.  (Document No. 88.)   The Court denied Koide's Motion for Reconsideration on September 23, 2021, again by electronic order. (Document No. 91)[2]

---

[1]  Plaintiff observed, among other things, that the evidence Plaintiff allegedly sought from her (a timeline of events) was all available in papers already filed with the court.

[2]  In its second electronic order, the Court did not address Koide's evidence-supported claim that Plaintiff's counsel, his law partner, and their firm violated their obligations to Koide under the Rules of Professional Conduct, as Koide argued in her first Motion for Reconsideration.  As noted in her first Motion for Reconsideration, Koide has reasonably concluded that Plaintiff's counsel and/or his law partner Katherine Michon, who previously had a legal consultation with Koide (see Reconsideration Exhibits A and B), violated the Rules of Professional Conduct including, but not limited to, Rules 1.6 and 1.9 regarding maintaining confidentiality of information for current and former clients, and Rule 8.4(c) regarding dishonesty, deceit, or misrepresentation.  In addition, and as stated in undersigned counsel's affidavit (submitted in support of Koide's (first) Motion to Quash), on August 13, 2021, Attorney Hannon told undersigned counsel that he intended "to elicit testimony from Ms. Koide concerning an alleged 'timeline' of disparate treatment that Ms. Chan suffered following Ms. Koide's filing of a Charge of Discrimination."  Attorney Hannon does not

On September 28, 2021, and in preparation for trial, Defendants filed a Motion in Limine to Preclude the Testimony of Non-Party Witness Mina Koide (Document No. 103). At roughly the same time, in the Joint Pretrial Memorandum, Defendants' counsel for the first time reserved Defendants' right to introduce additional documentary evidence, not previously disclosed, *about Koide* in the event this Court denied Defendants' Motion. (See Joint Pretrial Memorandum, page 12.) On October 12, 2021, the Court denied Defendants' Motion in Limine to Preclude the Testimony of Non-Party Witness Koide. Koide thus anticipates Defendants will introduce evidence about Koide and from *Koide v. Wellington,* for the purpose of impeaching her.

In light of the Court's rulings on Koide's motions and Defendants' reservation of rights in the Joint Pretrial Memorandum, Koide will face examination and cross examination about the entirety of her experience at Wellington and on additional documentary evidence, not previously disclosed, about her which will be used to impeach her, all against the backdrop of her own case against Wellington, in which case discovery is not complete and Ms. Koide has not been deposed.

## **LEGAL STANDARD**

As the Court is aware, under Rule 59(e) of the Federal Rules of Civil Procedure, a party may direct the district court's attention to newly discovered material evidence or a manifest error of law or fact enabling the court to correct its own errors. *Aybar v. Crispin-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997). Such interlocutory relief may be granted as justice requires: "When faced with a motion for reconsideration, district courts should apply an interests-of-justice test." *U.S. v.*

---

dispute undersigned counsel's affidavit. Instead, after having represented to undersigned counsel that the purpose of the subpoena to Koide was only to elicit testimony about a "timeline," Attorney Hannon made a very different and massively expanded representation to this Court that he intends to seek testimony about the *entirety* of Ms. Koide's experiences at Wellington.

*Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009), citing *Greene v. Union Mutual Life Ins. Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985).

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure expressly provides, among other things, that a subpoena may be quashed where it presents an undue burden on the recipient. Fed. R. Civ. P. 45(d)(3)(A)(iv). Moreover, Rule 45 provides special protections for non-parties that receive subpoenas. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing [discovery] needs."). *See also Cable v. Weinman (In re Pub. Offering PLE Antitrust Litig.)*, 233 F.R.D. 70, 80 (D. Mass. 2006) (Young, D.J.).

In her Opposition to Koide's first Motion to Quash, Plaintiff did not address, at all, the Rule 45 undue burden analysis set forth in Koide's Motion. (The Court's electronic order did not memorialize the Court's Rule 45 analysis.) In the analogous context of discovery, "[i]n determining whether a subpoena imposes an 'undue burden' on a non-party, courts consider '(1) the relevance of the information requested; (2) the need of the [non]-party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party.'" *LSI Corp. v. Vizio, Inc.*, 2012 U.S. Dist. LEXIS 83657, at *3 (D. Mass. May 24, 2012) (Rule 45 decision in the context of Rule 30(b)(6) deposition). Two of these factors are implicated here: relevance, the burden imposed on the non-party. Together, they strongly militate in favor of quashing the Trial Subpoena.

2. **Koide's Testimony Is Neither Relevant or Admissible.**

Plaintiff has asserted that Koide's testimony is "critical" for her case. Presumably if Koide's testimony was actually "critical" for Plaintiff's case, however, Plaintiff would have sought

4

Koide's deposition testimony while discovery was ongoing in this matter – i.e., eleven months ago. Plaintiff did not.

Moreover, as set out in Koide's earlier motions, Koide has no personal knowledge of the facts of Chan's case: Koide had virtually no interaction with Plaintiff. From Plaintiff's pleadings, Koide has gleaned that Plaintiff verbally complained about a lack of respect which Defendants did not recognize as a claim of discrimination, that Defendants later issued to Plaintiff a performance warning, and that Argyle terminated Plaintiff on September 12, 2017, *eighteen months* after Koide was terminated (March 24, 2016). Koide, in contrast, submitted a written complaint of discrimination directly to CEO Brendan Swords and was terminated by seven of the highest-ranking executives at Wellington within weeks thereof, after Wellington conducted a deficient, self-interested investigation into her complaint. (Indeed, Wellington explicitly admitted in their MCAD Position Statement (which has been publicly available on the Superior Court docket since before Chan filed the instant matter) that Wellington fired Koide for accusing the company of a "whitewash" of her discrimination complaint and for "questioning the independence of the review" of her complaint.) In other words, and in vivid contrast to Plaintiff's situation, Wellington openly admitted to firing Koide *because* of her protected activity.

The instant matter and *Koide v. Wellington* share nothing but common allegations of general wrongdoing. Plaintiff is obviously seeking to introduce evidence about Defendants' (and in particular Argyle's) propensity for wrongdoing. As Defendants note in their Motion in Limine to Preclude Koide's Testimony, this is prohibited by Fed. R. Evidence Rule 404(b). Moreover, even were Koide's testimony relevant (it is not), nevertheless and as Defendants also note, under Fed. R. Evidence Rule 403 the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As outlined in Koide's earlier motions, by forcing Koide to testify about matters about which she has no personal knowledge and/or about character and propensity evidence, Plaintiff will confuse the issues and mislead the jury. The Rule 403 and Rule 404 issues alone militate in favor of precluding Koide's testimony.

2. **Forcing Koide to Testify Imposes an Extraordinary Undue Burden on Her**

As noted above, in the Joint Pretrial Memorandum, Defendants' counsel for the first time reserved Defendants' right to introduce additional documentary evidence, not previously disclosed, *about Koide* and from *Koide v. Wellington*, apparently for the purpose of impeaching Koide. As is clear from the Joint Pretrial Memorandum, the evidence Wellington intends to introduce clearly has nothing to do with Chan but rather will only be used to impeach Koide. This places upon Koide an extraordinary undue burden: it subjects her to cross examination, without the assistance of counsel, on previously undisclosed evidence about her, by the same counsel currently representing the defendants in Koide's own ongoing Superior Court case. In other words, not only will a ruling denying Koide's second / renewed Motion to Quash force her to provide likely irrelevant testimony regarding everything in her ten years of work experience at Wellington (as Plaintiff's papers illustrate), it also subjects her to examination on the *entirety* of her own legal case (as set out by Defendants reservation of rights in the Joint Pretrial Memorandum illustrates). It seems that Plaintiff and Defendant intend to subject Koide to the undue burden of participating in a "trial within a trial," litigating a version of *Koide v. Wellington* before this Court.

In addition, while the Court's electronic order states that "[t]he Court will be sensitive to allow only relevant evidence," Koide will nevertheless likely find herself subject to examination on matters protected by privilege which, without counsel, risks her inadvertent disclosure of

6

privileged information.  In short:  absent an Order granting Koide's second / renewed Motion to Quash, an involuntary non-party witness whose testimony would be an undue burden on her, largely irrelevant for Plaintiff's claims and misleading to the jury, will be required to participate in what will be a trial within a trial without assistance of counsel.  This is an untenable situation.

## CONCLUSION

In light of Defendants' recent reservation of rights to introduce additional, unspecified documentary evidence, not previously disclosed, *about Koide* and against the backdrop of her litigation against Wellington pending in Massachusetts Superior Court, Ms. Koide respectfully requests that the Court reconsider and grant her Motion to Quash.  As set out in above, the interests of justice strongly militate in favor of quashing the Subpoena in its entirety.   To the extent the Court denies Ms. Koide's Motion to Quash, she respectfully requests that the Court enter a protective order permitting Koide to represented by counsel as she is subject to examination and cross examination in the instant matter.

                Respectfully Submitted,
                Mina Koide

                By her attorneys,


                /s/ Patricia A. Washienko
                Patricia A. Washienko, BBO# 641615
                pwashienko@fwlawboston.com
                FREIBERGER & WASHIENKO, LLC
                211 Congress St., STE 720
                Boston, MA  02110
                p:  617.723.0008  f:  617.723.0009

Dated: October 12, 2021


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 / 37.1

I hereby certify that I attempted to resolve this discovery issue by telephone conference with counsel, Mr. Patrick Hannon on October 12, 2021.  I was unable resolve this matter with Mr. Hannon as to the issues set forth above.

                /s/ Patricia A. Washienko
                Patricia A. Washienko, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                /s/ Patricia A. Washienko
                Patricia A. Washienko, Esq.