UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIGI KAI ZI CHAN, <br><br> Plaintiff, <br><br> v. <br><br> WELLINGTON MANAGEMENT COMPANY LLP AND CHARLES ARGYLE, <br><br> Defendants. | Civil Action No. 19-cv-11605-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Wellington Management Company LLP and Charles Argyle ("Defendants") respectfully move, pursuant to *Fed. R. Civ. P.* 12(b)(1), to dismiss the case in its entirety for lack of subject matter jurisdiction. The parties are not diverse and the Court lacks jurisdiction to adjudicate this dispute.

**RELEVANT FACTS**

At the time she filed her Complaint, Plaintiff was a dual citizen of the United Kingdom and Hong Kong and resided in France. *Compl.* ¶ 1; *Ans.* ¶ 1. At the time Plaintiff filed her Complaint, Wellington Management Company LLP was a limited liability partnership organized under the laws of Delaware with principal offices located in Boston, Massachusetts. *Compl.* ¶ 2; *Ans.* ¶ 2. Charles Argyle resides in the Commonwealth of Massachusetts. *Compl.* ¶ 3; *Ans.* ¶ 3.

Plaintiff's employment was terminated by Wellington on September 12, 2017. *Compl.* ¶ 56; *Ans.* ¶ 56. She commenced this lawsuit on July 24, 2019, claiming that her termination was discriminatory on the basis of her gender, race/national origin, disability/pregnancy, as well as in

retaliation for purportedly complaining about her discriminatory treatment. She does not allege she was subjected to unlawful discrimination or retaliation subsequent to her termination.

## ARGUMENT

The party asserting jurisdiction has the burden of demonstrating its existence. *See Amoche v. Guarantee Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009). Courts must look at citizenship at the time the action is filed in order to determine if diversity exists. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) challenges the statutory or constitutional power of the Court to adjudicate a case and can be raised at any time. 2 James Wm. Moore *et al., Moore's Federal Practice* § 12.30[1] (3d ed. 1997).

Contrary to the allegation in Plaintiff's Complaint, diversity of citizenship does not exist between the parties in this case. Although Plaintiff recites in her Complaint that "one or more of Wellington's partners are citizens of the Commonwealth of Massachusetts" such that it is "deemed a Massachusetts citizen for purposes of determining diversity of citizenship," *Compl.* ¶ 4, that is an incorrect statement of law. Instead, for purposes of diversity jurisdiction, a partnership is a citizen of <u>each</u> jurisdiction in which its individual partners are citizens. *See Carden v. Arkoma Associates,* 494 U. S. 185 (1990) (for diversity purposes, a partnership entity, unlike a corporation, does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side). The *Carden* rule applies to limited liability partnerships, including complex, multi-tiered partnerships. *See Reisman v. KPMG Peat Marwick LLP, 965 F. Supp. 165, 176* (D. Mass. 1997) (LLP is citizen of every state in which at least one partner resides); *Cerberus Partners, L.P. v.*

*Gadsby & Hannah*, 976 F. Supp. 119, 121–123 (D.R.I. 1997) (citizenship determined by all partners, including partners of other partners in multi-tiered structure).

Because this is a lawsuit involving a foreign national plaintiff, two provisions in 28 U.S.C. § 1332(a) must be considered.  The first provision, § 1332(a)(2), grants jurisdiction over a civil action between "citizens of a State and citizens or subjects of a foreign state[.]"  In other words, if a Hong Kong citizen sued only a Massachusetts citizen for more than $75,000, jurisdiction would exist under § 1332(a)(2).  *See* 14A Charles Alan Wright et al., Federal Practice and Procedure § 3661, at 5 (2013); *see also* U.S. Const. art. III, § 2, cl. 1.  The second provision, § 1332(a)(3), grants jurisdiction over a civil action between "citizens of different States" even when "citizens or subjects of a foreign state are additional parties[.]"  In other words, if an Ohio citizen sued both a Massachusetts citizen and a Spanish citizen for more than $75,000, jurisdiction would exist under § 1332(a)(3).  *See* 14A Wright, supra, § 3661, at 13-14 & n.12; *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003) (complete diversity of foreign nationals not necessary in a case in which a citizen of one state is suing a citizen of another and there are citizens of the same foreign state on both sides).

Section 1332(a)(3) does not apply because Plaintiff is not a citizen of the United States.  *See ACCO Brands USA LLC v. Piñeyro y Lara Comercial S.A.*, 27 F. Supp. 3d 256, 258-259, (D.P.R. June 24, 2014) ("While the First Circuit Court of Appeals has not explicitly addressed the issue, other federal circuit courts of appeals agree that in order for a court to exercise diversity jurisdiction over a suit pursuant to section 1332(a)(3), a United States citizen must be present on both sides of the suit.") (citing *Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254 (4th Cir. 2009) (no diversity jurisdiction pursuant to section 1332(a)(2) over a suit between a citizen of Bulgaria and a corporation that was incorporated under Liberian laws and

had its principal place of business in Florida); *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008) (section 1332(a)(3) requires there to be a U.S. citizen on both sides of the dispute); *Universal Licensing Corp. v. Paola Del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [sections 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 496-500 (3d Cir. 1997) (concluding that diversity may stand where aliens appear on both sides of the dispute, as long as a U.S. citizen also appears on both sides); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (diversity jurisdiction existed pursuant to section 1332(a)(3) over a suit where U.S. citizens appeared on both sides); *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 290-91 (5th Cir. 1989) (no diversity jurisdiction over a suit by a West German plaintiff against corporations incorporated in Texas and the Cayman Islands); *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (6th Cir. 2008) (no diversity jurisdiction over a suit by foreigners against U.S. and alien corporations)).

Nor can Plaintiff find refuge in Section 1332(a)(2). "It is now axiomatic that complete diversity must exist for purposes of 28 U.S.C. § 1332(a) when aliens are involved in an action in order for a federal district court to have subject matter jurisdiction over the action. *Fox v. Bourgeois*, 799 F. Supp. 1274, 1274-1275 (D.N.H. 1992). Diversity in the context of a foreign plaintiff means that only state citizens are on one side of the dispute and only foreign citizens are on the other. Thus, diversity under § 1332(a)(2) is destroyed "if foreign citizens appear on both sides of the action." *Yarala v. Star Health & Allied Ins. Co.*, Civil Action No. 12-cv-11849-IT, 2014 U.S. Dist. LEXIS 198774, *7 (July 11, 2014); *see Boal v. Depuy Orthopaedics, Inc. (In re Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.)*, 953 F.3d 890, 894-895 (6th Cir.

2020) ("if foreign citizens are on both sides of a dispute but a state citizen is on only one side," this circumstance "dooms diversity jurisdiction."); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Cir. 2018) ("In cases where a foreign citizen alone is suing both a foreign citizen and a citizen of a U.S. state in diversity, a federal court has no original jurisdiction."); *Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498-499 (3rd Cir. 1997) (noting that application of the "complete diversity" rule to § 1332(a)(2) cases "makes sense," because "[c]ases between aliens on one side and aliens and citizens on the other . . . do not fit the jurisdictional pigeonhole" of § 1332(a)(2)); *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) ("There is no indication -- legislative or judicial -- that a deviation from the rule applied in ordinary diversity cases would or ought obtain in a suit brought by an alien."); *Eze v. Yellow Cab Co.*, 782 F.2d 1064, 1065 (D.C. Cir. 1986) ("A diversity suit in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."). Those are precisely circumstances that this Court must now address.

At the time this lawsuit was filed, Wellington Management Company LLP had two partners: Wellington Management Group LLP and Wellington Investment Advisors Holdings LLP. *See Declaration of Gregory S. Konzal (Konzal Dec.)*, ¶ 4, attached hereto as **Exhibit A**. At the time this lawsuit was filed, Wellington Management Group LLP had 165 individual partners. *Konzal Dec.*, ¶ 5 and Ex. 1 thereto. Among those individuals were 6 foreign nationals, including 4 citizens of the United Kingdom. *Konzal Dec.*, ¶ 5 and Ex. 1 thereto. At the time this lawsuit was filed, Wellington Investment Advisors Holdings LLP had two partners: Wellington Management Group LLP and Wellington Group Holdings LLP. *Konzal Dec.*, ¶ 6. Likewise, Wellington Group Holdings LLP had two partners: Wellington Management Group LLP and

Wellington Partners II LLP. *Konzal Dec.*, ¶ 7. Finally, at the time this lawsuit was filed, Wellington Management Group LLP and the individual partners of Wellington Management Group LLP comprised the partnership of Wellington Partners II LLP. *Konzal Dec.*, ¶ 8. Because there were foreign citizens on both sides of this dispute when the lawsuit was filed there is no diversity and the Court lacks subject matter jurisdiction.

Plaintiff cannot remedy this lack of diversity by attempting to dismiss only Wellington Management Company LLP and then proceeding against Mr. Argyle because diversity did not previously exist at the commencement of this lawsuit. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829–831, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (plaintiff was Illinois corporation, defendants were Venezuelan corporation, Venezuelan citizens, and a U.S. citizen domiciled in Venezuela, whose stateless status destroyed diversity; party may not be dropped through 28 U.S.C. § 1653 amendment); *Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997) ("Specifically, the *Newman-Green* Court refused to interpret section 1653 as 'empower[ing] federal courts to amend a complaint so as to produce jurisdiction where none actually existed before.'"); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) ("Section 1653 provides a method of curing defective allegations of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist."). To the extent Plaintiff contends that Wellington is a dispensable party under *Fed. R. Civ. P.* 21, the authority to dismiss a nondiverse party "should be exercised sparingly" and a court "should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Newman-Green*, 490 U.S. at 837-38; *see In re iBasis, Inc.*, 551 F. Supp. 2d 122, 127 (D. Mass. 2008) (declining to exercise Rule 21 discretion to allow the plaintiffs to drop a dispensable defendant after finding that "there has been undue delay and prejudicial lack of due diligence on the part of

the Plaintiffs"); *Boal*, 953 F.3d at 895–896 (rejecting attempt to amend complaint to add new substantive allegations in order to bring in new federal cause of action after diversity jurisdiction was destroyed). The Court should not allow Plaintiff to proceed solely on the tortious interference claim against Mr. Argyle, particularly in light of the Court's ruling on summary judgment that "the motions are allowed insofar as they are duplicative of discrimination counts, but to the extent there is evidence of tortious interference summary judgment is denied." *See* Dkt. No. 77.

      Accordingly, this lawsuit must be dismissed in its entirety.

        Respectfully Submitted,

        WELLINGTON MANAGEMENT COMPANY LLP and CHARLES ARGYLE,

        By their attorneys,

        */s/ Stephen T. Paterniti*
        Stephen T. Paterniti, BBO# 564860
        Benjamin R. Davis, BBO# 673017
        JACKSON LEWIS P.C.
        75 Park Plaza, 4th Floor
        Boston, Massachusetts  02116
        TELE: (617) 367-0025
        FACSIMILE: (617) 367-2155

        Beverly Garofalo
        Admitted Pro Hac Vice
        JACKSON LEWIS P.C.
        90 State House Square
        Hartford, Connecticut 06109
        TELE:  (860) 331-1535
        FACSIMILE: (860) 247-1330

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

      This hereby certifies that on October 13, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Stephen T. Paterniti*
                                            Jackson Lewis P.C.

4832-5244-1855, v. 3